CATHARINE E. JONES, Plaintiff in Error, *v.* THOMAS S. BRAGG, Defendant in Error.

*Dower—Mortgage.*—An administrator sold land of his intestate which had been encumbered by a mortgage in which the wife had joined relinquishing dower, and undertook to satisfy the mortgage out of the proceeds of sale. Held, that the mortgage was no defence to a suit for dower by the widow against the purchaser.

*Error to Holt Circuit Court.*

*Ensworth,* for plaintiff in error.

I. The court below erred in overruling the plaintiff's motion to strike out. The rights of the parties hereto affected by the sale of the administrator under order of court is governed by § 3 & 8, p. 142, R. C. 1855, and not under § 10, p. 143. Now, what right does the statute say shall be sold of property encumbered by deed of intestate? The statute says that all the right, title and interest of the decedent in the land shall be sold; and the administrator followed the law.

II. The decedent had the right to redeem by paying the mortgage debt, and that right could have been sold under execution against him in his life-time, and the amount bid would have to be paid and go to the execution creditor, and the purchaser would take the land sold at the price bid, with the land subject to the mortgage. In this case the purchaser gets the advantage of having the land released of the mortgage debt when he buys it subject to the mortgage debt, which is paid out of the assets arising from the sale. The deed of mortgage is released by a deed duly recorded.

III. The rights of a widow to dower, like all other rights in real property, is divested by deed or judgment of record.

The defendant claims to have the right to be subrogated to the rights of the beneficiary under the deed of mortgage. How can that be done? The trustee is divested of power to act by entering satisfaction of the debt.

*H. M. & A. H. Vories,* for defendant in error.

I. The court below committed no error in this cause, because,

1. The deed conveying the land in controversy to Wm. F. Jones, the husband of plaintiff, and the deed of mortgage reconveying the lands to Garth to secure the payment of the purchase money to be paid for said lands, being simultaneous acts and together forming only one transaction, no such seizin was thereby vested in said Wm. F. Jones as would give the plaintiff any right to dower in said lands. (4 Kent, 39; Mayberry v. Brien, 15 Peters, U. S. R. 21; Smith and wife v. Addleman et al., 5 Black. 406; Stow v. Tifft, 15 Johnson, 458; Jackson v. Dewit, 6 Wend. 316.)

II. The land having been reconveyed by Jones to Garth by deed of mortgage to secure the purchase money for the land, which purchase money remained unpaid at the time Jones died; and the administrator of Jones' estate having sold the lands to the defendant with an understanding that the amount paid by the defendant for the land should be applied to the extinguishment of said lien; and the defendant having paid the full value of the land and thereby paid off the mortgage debt, he at least had a right, under the circumstances, to be substituted to the rights of Garth in reference to the lien of the mortgage debt; and plaintiff in such case could only be entitled in equity to dower in the surplus of the purchase money over what it required to pay the mortgage debt. (Vallé v. Fleming, 29 Mo. 154.)

The third section of our statute relating to dower does not apply in this case, because the defendant in this case having by an arrangment with the administrator paid off the mortgage, he has a right to be subrogated to the rights of the mortgagee, against whom the plaintiff has no right to dower. (R. C. 1855, p. 668.)

BATES, Judge, delivered the opinion of the court.

Garth sold William H. Jones a tract of land in Holt county. Jones paid a part of the purchase money and gave to Garth a mortgage of the land to secure the payment of the remainder—in which mortgage his wife, the plaintiff, joined, relinquishing dower. Jones died, leaving a portion of the purchase money, which was secured by the mortgage, unpaid. His administrator, under an order of sale made by the County Court, sold the land to the defendant for a full price. At the sale by the administrator, he announced that he would sell the fee simple, (and not merely the equity of redemption,) and would apply so much of the money accruing from the sale as might be necessary for that purpose to the extinguishment of the mortgage. He did pay off the mortgage by authorizing the defendant to pay off the same and accepting the payment so made by the defendant as a payment on account of his bid for the land. The defendant paid the administrator the remainder of his bid. The plaintiff brought this suit for her dower in the land, and the defendant set up the facts above recited as a bar to her claim.

The court below held (in effect) that they constituted a valid defence, and gave judgment against the plaintiff.

We think that the court erred. A widow shall be endowed of her husband's lands " to which she shall not have relinquished her right of dower in the manner prescribed by law."

Here there is no pretence that she has so relinquished her right. She had done so in the mortgage given to Garth, and the defendant claims to be subrogated to Garth's rights under the mortgage ; but were any subrogation possible in the case, it could not be made for the benefit of the defendant, because the mortgage was not paid by him, but by the estate of the deceased Jones. The mortgage is paid and dead, and the wife's relinquishment of dower died with it. If Jones in his life-time had sold the land to the defendant and applied the proceeds of the sale to the extinguishment of the mortgage, the defendant would scarcely have been guilty of the absurd-

ity of setting up such application of the proceeds as a bar to the widow's claim for dower.

If, at the time of the sale by the administrator, there had been no mortgage in existence, there would of course have been no doubt of the widow's right to dower, notwithstanding that the purchaser may have paid a full or even an excessive price for the land. In fact the administrator, by assuming to pay the mortgage, placed the land in the condition of being unencumbered by the mortgage, (so far as the purchaser was concerned,) and he bought it so unencumbered and unaffected in any way by the mortgage, and of necessary consequence he cannot use the mortgage to defeat the widow's right of dower.

This case differs essentially from that of Vallé's heirs v. Fleming's heirs, 29 Mo. 152.

Judgment reversed and cause remanded for further proceedings; Judges Bay and Dryden concur.