SARAH A. ATKINSON, Respondent, *v.* ELIAS C. STEWART, Appellant.

1. *Dower — Mortgage — Relinquishment of dower in payment of mortgage by assignee before foreclosure, out of money of husband — Wife's claim for dower.*—Where the grantee of land gives a mortgage to secure payment of the purchase money, his wife relinquishing her dower therein; and afterward the husband's assignee, during his lifetime, sells his property, including the land encumbered, and, with the money derived from the sales, pays off the encumbrance before foreclosure of the mortgage, the wife will not be barred of her dower in the estate.

The general principle is that where the husband dies leaving encumbered real estate, the widow takes her interest therein, if at all, charged with the encumbrance; and if any one interested in the estate—as heir or purchaser—discharges or redeems the encumbrance, he thereby acquires an equitable lien on the estate which he may hold against the widow till she contributes her

proportion of the charge, according to the value of her interest. But the principle can not apply to the case supposed, for there payment would be in effect payment by the husband, and would operate as a complete annihilation and extinguishment of the encumbrance; and it is immaterial that in such case the purchase money may have gone toward payment of the encumbrance.

*Appeal from Sixth District Court.*

· *Cunningham & Edwards*, for appellant.

I. Where the purchaser of an equity of redemption pays an outstanding mortgage, made by his grantor, in which his wife had released dower, the mortgage will not be deemed to be merged. And where one of several persons interested in a mortgaged estate redeems it by paying the whole debt, he does not thereby relieve the other portions of the estate from the charge, but becomes an equitable assignee of the mortgage as to these parties, and may hold, as mortgagee, until the respective owners thereof shall contribute *pro rata* toward the mortgage·debt, according to the value of their respective shares of the estate. (2 Washb. 166; Sto. Eq., § 1023; 4 Kent's Com. 163; 5 Pick. 146.)

II. If any one interested in the estate, as heir or purchaser, discharge or redeem the mortgage, he thereby acquires an equitable lien upon the estate, which he may hold against the widow till she contributes her proportion·of the charge, according to the value of her interest. (1 Washb. Real Prop. 216, § 21; Eaton v. Simonds, 14 Pick. 98; Swaine v. Perine, 5 Johns. 482; Gibson v. Crehore, 5 Pick. 146; Strong v. Converse, 8 Allen, 560; 1 Scrib. Dow. 509, § 22; Peltz v. Clarke, 5 Pet. 481.).

III. The owner of any interest or fractional part, however small, of the mortgaged·premises, may redeem. But, in order to do so, he is obliged to pay the whole debt, and by such payment he will become substituted in equity in place of the mortgagee. (2 Washb. Real Prop. 164, §§ 19–21, and cases there cited; 38 Mo. 223; 1 Scrib. 515, § 30.) If one who· has the right to redeem a mortgage and to require·an assignment of it to him for his protection, pays it, and a full satisfaction is indorsed upon the mortgage, it may still be between the parties interested held as a subsisting security, and payment

will be held as a purchase of the party making it. The payment of the money created a trust for the parties advancing it. (15 Pet. 36 ; 2 Washb. 198, § 11.)

*H. C. Lackland*, for respondent.

I. The deed of trust was a mere authority to the trustee to convey her dower in the event that the debt should not be paid ; and the relinquishment of dower was not to take effect until the trustee exercised his authority by selling the land and making a deed therefor to the purchaser. The trustee never exercised that authority, and never can, because the encumbrance is paid and satisfaction entered on the margin of the record in the lifetime of the husband. The deed of trust is dead, the authority and office of trustee is at an end, and the title to the land is no more affected than if the deed of trust had never existed.

II. Even if the deed of trust had remained unpaid, it would have been no bar to the widow's dower as long as there was no sale under it. Much less can it be so after it has become *functus officio*.

III. Subrogation to the rights of the mortgagee, by the purchaser, was impossible in this case. (Jones v. Bragg, 33 Mo. 337 ; see also Eaton v. Simonds, 14 Pick. 98.)

WAGNER, Judge, delivered the opinion of the court.

This action was brought by the respondent for the purpose of obtaining dower in a tract of land of which her husband was seized and possessed in his lifetime. The record discloses that in 1847 John Atkinson, the deceased husband, purchased the land in controversy of George Collier, and, to secure the payment of the purchase. money, he executed a mortgage on the premises conveyed. In 1855 Atkinson intermarried with the respondent, and in 1857 he made and executed a deed of trust to Francis Yosti, as trustee, to secure the payment of the same debt to Collier's executors. In this deed of trust the respondent joined, and acknowledged that she relinquished her right of dower. Atkinson becoming embarrassed, made an assignment in 1859, and con-

veyed and assigned all his real estate, including this land, with others, to Thomas W. Cunningham, for the benefit of his creditors, and in 1867 he died.

The assignee, in pursuance of an order of court, sold all the land, and at the sale the appellant became the purchaser. With the money arising out of said sale the assignee paid off the debt due and owing to Collier's estate, and by virtue of a power of attorney from the executors, Yosti entered satisfaction on the record, acknowledging payment of the mortgage and deed of trust. The court below found that the widow was entitled to dower, and it was accordingly assigned to her. From that decision an appeal was taken.

The counsel for the appellant, in a very learned and elaborate argument, insists that as the purchase money went to extinguish the encumbrance, the widow is not entitled to be endowed, and that the appellant, as purchaser, stands in the place of the mortgagee.

We do not think that the doctrine of subrogation is applicable to this case. A mortgagor will be subrogated to the place and the rights of the mortgagee in respect to the mortgage debt, when it is necessary in order to accomplish the purposes of justice, even against the person claiming under the mortgagor himself. For instance, if a mortgagor sells the mortgaged estate subject to the payment of the mortgage, and the holder of the debt thereby secured calls upon the mortgagor to pay the same, and he thereupon pays it, he will, by so doing, become at once subrogated to the place of the mortgagee, with a right to reimburse himself out of the mortgaged premises. And this would be equally so, though the premises were held by a purchaser from the vendee of the mortgagor. In equity the mortgaged estate in such case becomes the primary fund out of which the debt is to be paid. (2 Washb. Real Prop. 200 ; Dixon's Subr. 86-93.)

This doctrine of equity rests upon the principle that the mortgage, being upon the debtor's property, and intended as security for the payment of the debt, shall be so held by any one having a right to recover the debt from the principal debtor. But there can be no pretext whatever for saying that the appellant in this

case ever stood in the position of creditor to Atkinson, or that he ever had any right to recover the debt from him.

The general principle is that where the husband dies leaving encumbered real estate, the widow takes her interest in the estate, if at all, charged with the encumbrance; and if any one interested in the estate, as heir or purchaser, discharges or redeems the encumbrance, he thereby acquires an equitable lien upon the estate, which he may hold against the widow till she contributes her proportion of the charge, according to the value of her interest. But in the present case the appellant received his deed in 1860, and the husband did not die till 1867, long after the debt had been paid from the very proceeds of the husband's property.

In the case of Jones v. Bragg, 33 Mo. 337, Garth sold Jones a tract of land. Jones paid part of the purchase money and gave to Garth a mortgage of the land to secure the payment of the remainder, in which mortgage his wife, the plaintiff, joined, relinquishing her dower. Jones died, leaving a portion of the purchase money, which was secured by the mortgage, unpaid. His administrator, under an order of sale made by the County Court, sold the land to the defendant for a full price. At the sale by the administrator he announced that he would sell the fee simple (and not merely the equity of redemption), and would apply so much of the money accruing from the sale as might be necessary for that purpose, to the extinguishment of the mortgage. He paid off the mortgage by authorizing the defendant to pay off the same, and accepting the payment so made by the defendant as a payment on account of his bid for the land. The defendant paid the administrator the remainder of his bid. The plaintiff brought suit for her dower in the land, and the defendant set up the facts as above recited as a bar to her claim; and it was held that the mortgage was no defense to a suit for dower by the widow against the purchaser. That case is not distinguishable from the one now under consideration. In the present case, it must be observed, there was no sale under the deed of trust. There was no equitable assignment to the appellant, for the trust deed was discharged from the money of Atkinson. When the assignee, acting under Atkinson's authority,

paid off the lien with the money arising out of the sale of Atkinson's property, it was in effect a payment by Atkinson himself, and operated as a complete annihilation and extinguishment of the encumbrance. The deed of trust being paid off and dead, it has lost all vitality and can no longer subsist or be used for any purpose whatever. It is of no consequence that the original mortgage and the deed of trust were both in existence and on record at the same time; they were both given for the same debt, and the payment of the deed of trust would have discharged both had no satisfaction been entered on the record acknowledging payment of the mortgage.

No foreclosure or sale having taken place under the deed of trust, and the debt having been paid with the money of the husband, I think that the respondent was clearly entitled to dower, and therefore the judgment should be affirmed. The other judges concur.