## CASTEEL, Appellant, v. POTTER et al.

In Banc, June 15, 1903.

1. **Quarantine: ABANDONMENT: EXCEPTION TO RULING.** Where no exception was saved to the ruling of the court that the evidence did not show that the widow had abandoned the premises and that she was not, therefore, estopped to claim quarantine, those issues are not open to review on appeal. But, on a reversal of the judgment on other grounds, and a remanding of the cause for new trial, those defenses are available.

2. **Estate of Inheritance: MEANING: DOWER.** The term "estate of inheritance" means an estate that will descend to a man's heirs by the simple operation of law, and it may be an absolute or fee simple estate, or it may be a limited estate, such as a base fee, or, at common law, a fee tail. But it does not include an estate for the life of the husband or other lesser estates. And the Missouri

statute as to dower is almost identical in this respect with the common law. Under that statute the "estate of inheritance" need not necessarily be free from incumbrance or lien.

3. ————: DOWER: MORTGAGED ESTATES. Under the Missouri statute the widow may have dower in her husband's mortgaged estates.

*Held,* by VALLIANT, J., that under this statute the widow has dower in only so much of her husband's mortgaged estate as he died seized of.

4. ————: ————: ————: MORTGAGED BEFORE PURCHASE. If the husband buys land incumbered with a mortgage, and dies leaving the land so incumbered, and his executor, under an order of court, sells the land to pay his debts, and uses the money to pay off the mortgage, the widow is entitled to dower and quarantine in the land. The purchaser at the executor's or administrator's sale in such case is not subrogated to the rights of the mortgagee, for he does not derive title through the mortgage, but through his administrator's deed, and the administrator can not convey the widow's dower rights.

*Held,* by VALLIANT, J., dissenting, that as to lands bought by her husband in his lifetime, incumbered by a mortgage which he did not assume to pay, the widow has dower only subject to the payment of the mortgage lien, that is, only in his equity of redemption.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*R. Frank Jones* and *William Aull* for appellant.

(1) The mansion house and plantation were sold by the executor under order of the probate court for the payment of debts, and out of the proceeds received by him the executor paid off and discharged said deeds of trust. Until dower was assigned her, appellant was and is entitled to the widow's quarantine in said land. R. S. 1899, sec. 4533; Casler v. Gray, 159 Mo. 589; Gentry v. Gentry, 122 Mo. 220; Sweaney v. Mallory, 62 Mo. 485; Orrick v. Robbins, 34 Mo. 226; Agan v. Shannon, 103 Mo. 388; Parker v. Barker, 17 Mass. 564; Casler v. Chase, 60 S. W. 1040. (2) The old rule of the common law that the mortgagee became the legal

owner of the estate no longer prevails in this State. The office of a mortgage or deed of trust is not to alienate the land but to create a lien thereon to secure indebtedness. Dickerson v. Bridges, 147 Mo. 243; Woods v. Hildebrand, 46 Mo. 284; Pease v. Co., 49 Mo. 124; Kennett v. Plummer, 28 Mo. 145; Masterson v. Railroad, 72 Mo. 342; Hargadine v. Hargadine, 97 Mo. 375; Fischer v. Johnson, 51 Mo. App. 157; Logan v. Railroad, 43 Mo. App. 71; Parker v. Barker, 17 Mass. 564. (3) The executor paid off and discharged the deeds of trust out of the proceeds of the sale of said real estate, and the same were satisfied of record. The deeds of trust accordingly were paid and dead and can not be used to defeat the widow's quarantine. Casler v. Gray, 159 Mo. 589; Casler v. Chase, 60 S. W. 1040; Jones v. Bragg, 33 Mo. 337; Atkinson v. Stewart, 46 Mo. 510; Atkinson v. Angert, 46 Mo. 515; Wedge v. Moore, 60 Mass. 8; Eaton v. Simonds, 31 Mass. 98; Collins v. Torrey, 7 Johns. 277. When the deeds of trust were paid off and discharged by the executor, they had no further effect. They were dead and in nowise affected the rights of the widow, who was entitled to dower and quarantine as though such deeds of trust had never existed. They were not admissible in evidence for any purpose. Washburn on Real Property (6 Ed.), pp. 195-6; Hildreth v. Jones, 13 Mass. 525; Matthewson v. Smith, 1 R. I. 22; Peckham v. Hawden, 8 R. I. 160; Rossiter v. Cossitt, 15 N. H. 58; Hastings v. Stevens, 29 N. H. 564; Klink v. Lecky, 2 Hill Ch. 250; Hatch v. Palmer, 58 Me. 271; Parker v. Barker, 17 Mass. 564; Carter v. Goodin, 3 Ohio St. 75; Kinim v. Walsh, 44 Mo. 65. Even though the deeds of trust were still valid and binding, and appellant was entitled only to dower in the equity of redemption, yet there has never been any foreclosure and she would be and is entitled to the rents and profits by virtue of her quarantine rights. The manner of sale can not affect the rights of the widow. A sale free and clear of the

deeds of trust and payment of same out of the proceeds would have the same effect as a sale subject to the deeds of trust with an agreement that the deeds of trust be paid by the purchaser. In either event the debts are paid out of the Casteel estate. Matthewson v. Smith, 1 R. I. 22; Peckham v. Hawden, 8 R. I. 160; Snow v. Stevens, 15 Mass. 280; Hitchcock v. Harrington, 6 Johns. 290; Collins v. Torrey, 7 Johns. 278; Coats v. Cheever, 1 Cowen 478; Bolton v. Ballard, 13 Mass. 227; R. S. 1899, secs. 2935, 2936; House v. Fowle, 22 Ore. 303. (4) Respondent purchased no rights of appellant, and bought at his peril. She had nothing whatever to do with the negotiation between the executor and respondent or the sale of the premises. Foley v. Boulware, 86 Mo. App. 674; Hensley v. Baker, 10 Mo. 157; Throckmorton v. Pence, 121 Mo. 50; Hart v. Giles, 67 Mo. 175; Fern v. Ostertrout, 42 N. Y. Sup. 450; Motley v. Motley, 73 N. W. 738. (5) The executor was ordered to sell, and sold, the premises and the right, title and interest of Casteel in and to the same. The fact that he caused to be used a portion of the proceeds to extinguish the deeds of trust, gives respondent no grounds for complaint. The executor relieved the real estate of the deeds of trust, but the rights of the widow remain as though such deeds of trust had never existed. Duke v. Brandt, 51 Mo. 221; Jones v. Bragg, 33 Mo. 337; Atkinson v. Stewart, 46 Mo. 510; Sweaney v. Mallory, 62 Mo. 485; Owen v. Slatter, 26 Ala. 547; Livingstone v. Cochran, 33 Ark. 294; House v. Fowle, 22 Ore. 303; 10 Am. and Eng. Ency. of Law (2 Ed.), p. 166, and note; Bolton v. Ballard, 13 Mass. 227. (6) Respondent is not entitled to be subrogated to the rights of the holders of said deeds of trust. He does not hold under the deeds of trust, but under the executor's deed. The deeds of trust were discharged out of the assets of Casteel's estate. Jones v. Bragg, 33 Mo. 337; Sweaney v. Mallory, 62 Mo. 481; Atkinson v. Stewart, 46 Mo. 514; Carter v. Goodin, 3 Ohio St. 75; Atkinson v. Angert, 46 Mo. 515:

Shurtz v. Thomas, 8 Pa. St. 359; Collins v. Torrey, 7
Johns. 278; Hitchcock v. Harrington, 6 Johns. 290;
Wedge v. Moore, 60 Mass. 8; Matthewson v. Smith, 1
R. I. 22; Peckham v. Hawden, 8 R. I. 160.

*W. H. Chiles* and *John S. Blackwell & Son* for re-
spondents.

(1) Appellant had never at any time a right to
dower in the Maloney lands in controversy, but only
in the interest or estate of her husband therein, which
was simply the equity of redemption and that equity
of meager value on account of the heavy incumbrance.
The land sold for $10,600 which under the evidence was
its full value, and that sum was less than the debts upon
it and the costs of sale, commission, etc. Appellant
relies upon the cases of Jones v. Bragg, 33 Mo. 337;
Atkinson v. Stewart, 46 Mo. 510, and 46 Mo. 515, and
Sweaney v. Mallory, 62 Mo. 485. The latter cases are
all based on the first case in 33 Mo. and it may be doubt-
ed if, in these days of increased rights to married
women and corresponding duties, the harsh rule made
in that case could be called law. But leaving the crit-
icism of those cases and the doctrine announced with
this court, where it belongs, there is a marked distinc-
tion between the case at bar and those cited. In those
cases the husband owned the fee simple title unincum-
bered, and the wife had full rights therein; she re-
leased that right of dower by signing the mortgage and
when the mortgage was discharged, she was reinstated
to her former rights. In this case the husband never
had such a title, and of such as he had, and that only,
did she have a right of dower. She did not provision-
ally surrender a full right to have it afterwards restor-
ed; she had signed nothing and there was nothing to
be restored. It would be a strange rule indeed that,
with the husband's title to land a bare and valueless
equity of redemption, without a dollar from him or act

from her, that right could be swelled to a $10,000 estate, in which she could claim dower.  The efforts of the "get-rich-quick" operators of to-day would be far surpassed.  The court below held properly that she was entitled to no such right and had no right of quarantine. While we have in our reports no such case concerning dower, we have some concerning the husband's curtesy, which is a similar estate, which take this view of the law.  Casler v. Gray, 159 Mo. 588; Kinner v. Walsh, 44 Mo. 65.  The meaning of the word "dower" bears the construction contended for, and no other.  "Dower" is the interest of the wife in the husband's lands.  Bryant's Admr. v. McCune, 49 Mo. 546.  The statute endows her in the one-third part of all the lands, whereof her husband, or any other person, to his use, was seized of an estate of inheritance, etc., which is not limited to the unincumbered fee simple title, but to whatever his estate may be, and in that interest or title only.  A widow has no dower in partnership lands sold to pay partnership debts, because her husband has a qualified title only in such lands, and the qualification precludes her endowment in such case.  Duhring v. Duhring, 20 Mo. 164; Willet v. Brown, 65 Mo. 138.  So, the lien of a vender for his purchase money, even if evidenced by mortgage in which the wife does not join, bars her right of dower.  Ragsdale v. O'Day, 61 Mo. App. 230.  The right of quarantine is simply incident to the right of dower.  Wigley v. Beauchamp, 51 Mo. 54.  And without the right of dower there can be no quarantine right in the lands in controversy.  (2)  It is now firmly established by the great weight of authority in this country that the purchaser, in good faith, of property at a judicial sale that turns out to be defective, irregular or void, who pays money which has been applied in the payment of liens upon the property, or in paying claims which, though not secured by specific lien, were enforcible against the assets of the estate, and for the pay-

ment of which the property in question might have
been sold, is entitled to be subrogated to the rights of
the creditors whose debts have been so satisfied. And
we insist that the respondent herein is entitled to be
subrogated to the rights of the creditors whose liens,
deeds of trusts and mortgages were paid off and satis-
fied with his money. Schaefer v. Causey, 76 Mo. 365;
Long v. Joplin Mining and S. Co., 68 Mo. 428; Carey
v. West, 139 Mo. 146; Schaefer v. Causey, 8 Mo. App.
142; Cunningham v. Anderson, 107 Mo. 377; Smith v.
Stephens, 164 Mo. 423; Jackson v. Magruder, 51 Mo.
58; Weston v. Hull, 50 Mo. 296; Perry v. Adams, 2 Am.
St. 328; Valle Heirs v. Flemming Heirs, 29 Mo. 157.

### In Banc.

MARSHALL, J.—The following opinion hereto-
fore rendered in Division One is hereby adopted as the
opinion of the Court in Banc, with the express under-
standing, however, that what is herein said shall not
preclude the defendants, upon a trial anew, from rely-
ing upon and showing that the plaintiff abandoned the
premises, or that she is estopped to claim quarantine.
*Robinson, C. J.,* and *Brace, Gantt, Burgess* and *Fox,
JJ.,* concur; *Valliant, J.,* dissents.

### In Division One.

MARSHALL, J.—This is an action by the widow
of Thomas H. Casteel for her quarantine in about three
hundred and forty acres of land in Lafayette county.
The husband died on December 13, 1891, testate, and
making provision in his will for his wife. She re-
nounced the will and elected to take her dower under the
statute, and afterwards on May 9, 1899, brought this
action for quarantine and another action for dower.
The circuit court entered judgment for the defendant,
and the plaintiff appealed.

The case made is this: On August 21, 1889,

Thomas H. Casteel bought a. tract of land of about 323.81 acres, known as the "Maloney" tract. At that time there were two deeds of trust on the land, made by Maloney and wife, one to George M. Catron, curator, dated July 15, 1889, securing a note for $6,150 payable at three years, with eight per cent interest from date, and the other of the same date to Turner Williamson, for $1,588.20. Casteel took the land with these incumbrances on it, and, therefore, he acquired only the equity of redemption in the land; he did not, however, assume the payment of the deeds of trust.

Afterwards on August 30, 1890, Casteel purchased seventeen acres of land that adjoined the aforesaid land. This last named land was and ever since has been free and clear of incumbrance. Casteel then established his home upon the land so purchased and used the whole of it as one farm. He died on the 13th day of December, 1891, never having paid the two deeds of trust upon the three hundred and twenty-three acres. After renouncing the provisions of the will, the plaintiff remained in possession of the home and plantation for quite a while, and enjoyed all the rents and profits arising therefrom. The defendants set up in their answer that she abandoned the premises and that she was estopped to claim quarantine, but the court declared, by the third instruction given for the plaintiff, that the evidence did not support these defenses, and therefore found those issues for the plaintiff. The defendants did not except to this ruling and did not appeal therefrom, so that those issues are not open to review in this court.

The personal estate was not sufficient to pay the debts, and hence, at the August term, 1893, of the probate court the executor procured an order of sale of all the real estate. Under this order the executor on May 29, 1894, sold the seventeen-acre tract to the defendant, Potter, for $545.50, and thereafter, on May 31, 1895, he sold the three-hundred and twenty-three acre tract

to the defendant Potter, for $10,660. With these funds the executor paid off the two deeds of trust, aggregating at that time, $10,320.07, and the balance of the $10,660, amounting to $339.93, together with the $545.50 realized from the sale of the seventeen acres, and aggregating $884.43, went into the assets of the estate, and was used to pay the debts of the deceased. After these sales the executor put the defendant, Potter, in possession of the land, and thus the matter rested from 1895 to 1899, when this suit for quarantine and the other suit for dower were instituted.

## I.

"By section 7 of Magna Charta the widow was allowed, under a right known as quarantine, to remain in the mansion house forty days after the death of her husband, during which time her dower was to be assigned, and during her continuance a reasonable support was allowed her out of the estate." [10 Am. and Eng. Ency. Law (2 Ed.), p. 148.]

The statute of Missouri (sec. 2954, R. S. 1899) provides: "Until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same."

Because of this right to remain in (the term at common law was "tarry in") the mansion house of her husband until dower is assigned her, it is important to note what the dower rights of a widow are, for if she is not entitled to dower she is not entitled to quarantine. Our statute (R. S. 1899, sec. 2933) is as follows: "Every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance, at any time during marriage, to which she shall not have relinquished her right of dower, in the manner prescribed by law, to hold and enjoy during her natural life," etc.

The term "estate of inheritance" has an accepted and settled meaning in law. It means an estate that will descend to a man's heirs by the simple operation of law, and it may be an absolute or fee simple estate, or it may be a limited estate, such as a base fee, or, at common law, a fee tail. Therefore, it does not include an estate for the life of the husband, or other lesser estates. [Cooley's Blackstone (4 Ed.), *p. 104, et seq.]

Our statute as to dower is almost identical in this respect with the common law. [Cooley's Blackstone (4 Ed.), p. 129.]

The "estate of inheritance" here referred to need not necessarily be free of incumbrance or lien, for its inheritable character is sufficient to pass the title to the heir subject to the lien or incumbrance, just as it stood in the ancestor.

Until the passage of the dower act in England, dower was not permitted in mortgaged estates. [Scribner on Dower (2 Ed.), ch. 22, p. 463.] But such is not the law in most of the United States. Certainly ever since 1845 (R. S. 1845, p. 430, sec. 1), dower in mortgaged estates has been permitted in Missouri. [Atkinson v. Stewart, 46 Mo. 510.]

The provisions of our statute now are found in sections 2935 and 2936, Revised Statutes 1899, which are as follows:

"Sec. 2935. If the husband shall have made a contract for lands, and at the time of his decease the consideration, in whole or in part, shall not have been paid, but after his death the same shall be paid out of the assets of his estate, his widow shall be endowed of the third part of said lands, to hold and enjoy during her natural life, in the same manner as if he had been seized of an estate of inheritance in such lands at any time during the marriage.

"Sec. 2936. If the husband shall have made a contract, subsisting at the time of his death, for real estate, and paid only part of the consideration, and said real estate shall be sold after his death, under the

order of a judgment of a court, or by virtue of any power in such contract, or of any power or devise in the will of the husband, the widow shall be entitled to hold and enjoy, as dower, during her natural life, the third part of such real estate, as against every person except such as may hold a lien on such real estate for the payment of the purchase money, and those claiming under them.''

The law is settled in this State that if the husband executes a mortgage on his land, in which his wife joins, and dies, leaving the mortgage unpaid, and if the administrator, under an order of court, sells the land and pays off the mortgage, the widow will be entitled to dower in the land, and the purchaser at the administrator's sale is not entitled to be subrogated to the rights of the mortgagee, for the purchaser does not hold under the mortgage, and there is therefore no equitable assignment of the mortgage to him, but the mortgage is extinguished by payment out of assets of the husband's estate. [Jones v. Bragg, 33 Mo. 337; Atkinson v. Stewart, 46 Mo. 510; Sweaney v. Mallory, 62 Mo. 485.]

So, too, the husband's right to curtesy is not cut off where the wife mortgages her lands, and after her death the administrator sells the land and pays off the mortgage. Nor is the purchaser subrogated to the rights of the mortgagee. [Casler v. Gray, 159 Mo. 588.] If the deed from the administrator is defective so that it does not pass the title at the administrator's sale, the purchaser is entitled to be subrogated to the rights of the creditors of the estate. [Carey v. West, 139 Mo. 146.] In this case, however, the executor's deed was not defective and, hence, this principle does not apply.

But while the defendants do not deny that this is the law where the husband (or wife) executes the mortgage, they contend that it is different where, as here, the husband bought the land subject to a mortgage already on the land.

Casteel v. Potter.

If, however, dower is allowable in land of which the husband was seized of an estate of inheritance, and if an estate of inheritance means an estate that will descend to the heir by operation of law, it can make no difference whether that estate is unincumbered or subject to a mortgage or other lien. If the mortgage is foreclosed (the wife having joined in it), or if the land is sold to satisfy the lien (created before the marriage, 2 Minor's Institutes, p. 155) of course dower is cut out. But whether the mortgage is put on the land by the husband or is on the land at the time the husband acquired the land, the result is the same, the husband has only an equity of redemption. In either case, if the husband during his life pays off the mortgage the wife's inchoate right of dower attaches, or if the husband's administrator pays off the mortgage by a sale of all the husband's lands, the widow's dower immediately attaches. In both cases it was the husband's money that paid off the mortgage, and as the purchaser did not acquire title under the mortgage he can not be subrogated to the mortgagee's rights under the mortgage. [10 Am. and Eng. Ency. Law (2 Ed.), p. 166, and cases cited in note 2.] In such cases the purchaser takes whatever title the administrator could convey, and as the administrator paid off the mortgage, the purchaser took the title the administrator had power to convey, and that then belonged to the husband's estate. But the administrator could not convey the wife's dower rights. The husband himself could not do that. The wife alone could defeat her dower. And in this case the trial court found that she had done nothing that would estop her from setting up her claim. This results in holding that upon this showing, the widow is entitled to dower in the whole three hundred and forty acres. As to the seventeen acres there could be no question as to her right of dower, for it was free of incumbrance, and the trial court evidently overlooked this fact and this part of the land. Being entitled to

dower the widow was entitled to quarantine in the mansion house and plantation, which here embraced all the land, until dower was assigned to her. This has never been done.

The judgment of the circuit court denied her this right, and its judgment is therefore reversed and the cause remanded to be proceeded with in accordance herewith. All concur, except *Valliant, J.*

### DISSENTING OPINION.

VALLIANT, J.—The effect of the opinion of the court in this case, as I understand it, is to declare that the widow is entitled to dower of an estate which her husband in his lifetime never owned. I dissent from that proposition. The plaintiff's husband in his lifetime owned the equity of redemption in this land, and she is entitled to her dower in that estate, but nothing more. If he had owned the unincumbered fee during coverture, and had placed a mortgage on the land without her joining in the act, she would have been entitled to dower in the land superior to the mortgage. And if she had joined in the deed of mortgage and her husband in his lifetime had paid it off, she would have been entitled to dower in the whole, but in such case if the husband had died leaving the mortgage unpaid, her dower right would have been subject to the mortgage. In the case at bar, the husband bought the land incumbered by the mortgage; he bought only the equity of redemption and never owned a greater estate in the land. If he had paid off the mortgage in his lifetime the fee would have then for the first time vested in him, and his wife's inchoate right of dower would then have attached to the land, and would have become absolute at his death. But as he never paid off the mortgage, her inchoate right of dower never attached during the coverture and there was no inchoate right to become absolute.

Our statute (sec. 2933, R. S. 1899) gives the widow dower in "lands whereof her husband . . . was seized of an estate of inheritance, at any time during the marriage," etc. It is only of the estate of which her husband was seized during the marriage. Section 2935 gives the widow dower in land which her husband in his life time had contracted to purchase, but had not paid for at the time of his death, and the purchase money is paid by the administrator out of the assets of the estate. But in such case the husband in his life time had become bound for the debt and his estate responded to his obligation. In the case at bar the plaintiff's husband had not assumed to pay the mortgage, and his estate was under no obligation in regard thereto. Under section 2936, if the husband had made a contract for the purchase of land and had paid only a part of the purchase price, and the land had been sold after his death under a judgment or under a power created by his contract or his will, the widow would have dower in the land against every person except the one holding the lien for the unpaid purchase money. That section is in harmony with the view that she is entitled to dower only in that estate which her husband in his life time owned; if by his part payment of the purchase price he had acquired only an estate liable to be defeated upon a foreclosure of the lien for the rest of the purchase price, she only had dower in the land subject to that lien. So when the husband buys and pays for only an equity of redemption, the wife's inchoate dower attaches to the land subject to the mortgage and when he dies her inchoate dower becomes absolute in the estate he left, and nothing more.

Those three sections of our statutes contain all that there is in our law defining of what estate in land the widow shall be endowed, and from them we see that her dower is limited; first, by section 2933, to "lands whereof her husband . . . was seized of an estate of inheritance, at any time during the marriage;" sec-

ond, by section 2935, to land which the husband had contracted to purchase but had not paid for and the purchase money was paid after his death out of his estate; and, third, by section 2936, to land which he had purchased, and paid for in part, in which case she was to have dower subject to the lien for the unpaid part of the purchase money, that is, that she was to have dower in the land to the extent that her husband had paid for it. I am unable to see how upon that foundation she can build a claim to dower in an estate in land which her husband did not own at any time during the marriage.