255 S.W.2d 745 (1953)
FARMERS DRAINAGE DIST. OF RAY COUNTY
v.
SINCLAIR REFINING CO.
No. 42852.
Supreme Court of Missouri, Division No. 1.
March 9, 1953.
Wilson D. Hill, Richmond, Harold Medill, Independence, Kan., for appellant.
Wm. T. Thompson, Richmond, for respondent.
*746 DALTON, Judge.
This is an appeal from the order and judgment of the Circuit Court of Ray County refusing to strike a drainage benefit assessment in the sum of $5,000 made against the easements and rights of way owned by the Sinclair Refining Company. The assessment was made by commissioners appointed by the Circuit Court to assess benefits conferred on the real estate and other property within the limits of the Farmers Drainage District of Ray County.
This court has jurisdiction of the appeal because appellant contends that the assessment was made in violation of the "due process of law" provision of the Constitution of the United States, Section 1 of Amendment XIV, in that the assessment was made without notice and an opportunity to be heard.
The facts have been stipulated by the parties. Section 512.120 (all references are to RSMo 1949, V.A.M.S., unless otherwise specified). "The Farmers Drainage District of Ray County, Missouri, was organized under provisions of Article 1, Chapter 79, R.S.1939, now provisions of Chapter 242 R.S.1949. The decree of Incorporation was filed in said Court February 21, 1945. The petition for incorporation was signed by the required number of landowners, but was not signed by the Sinclair Refining Company, which was a foreign corporation not organized in Missouri. The boundary lines given in the petition for incorporation, the Circuit Clerk's notice of the filing of the petition for incorporation, and the Decree of the Court for the formation of the District, included real estate over which the Sinclair Refining Company owned easements and private rights of way for the laying of pipe lines and transmission of crude oil and refined products. These easements were of record in Ray County, Missouri, at the time the petition for incorporation was presented to the Court. The servient lands over which the easements and rights of way existed were all described by tract description, Section, Township and Range, with the name of the Record owners," but the Sinclair Refining Company's name was not contained in these descriptions nor was there any reference to it.
Supervisors for the District were properly elected, an engineer and attorney were appointed and a Plan of Reclamation filed. All other proceedings relating to the formation of the District were in regular statutory form, and no objection is made thereto. The Court was petitioned for the appointment of Commissioners to assess the damages for rights of way taken and to assess benefits to the real estate and lands, and other property within the limits of the District, by reason of the execution of the Plan of Reclamation, adopted by the District.
Commissioners were duly appointed. They qualified, made assessments and returned their assessment book to the court. Their report, containing the assessment complained of, described the said easements and rights of way of the Sinclair Refining Company, and described them as being owned by the Sinclair Refining Company, to wit, tract No. 68, described as follows: "All rights-of-way, pipe lines and other public service utilities now situated within the boundary lines of the Farmers Drainage District in Ray County, Missouri, and more particularly located along the south side of the Atchison, Topeka, and Santa Fe Right of Way (The points of beginning and ending are then shown), * * * a distance of approximately 2 ½ miles * * $5000."
Notice of the filing of the Commissioners' report was given by the clerk of the circuit court of Ray County, Missouri by publication. The notice recited: "Notice is hereby given to all persons interested in the land and property in Ray County, Missouri contained within the exterior boundary lines of the Farmers Drainage District of Ray County, Missouri." The exterior boundary lines of the District were then set out and after a recital with reference to a filing of the Commissioners' report the notice proceeds, "You and each of you are hereby notified that you may examine said report and file exceptions to all or any part thereof as provided by law." No exceptions to the report were filed by the appellant *747 but, on December 28, 1949, appellant appearing specially filed its motion to strike the assessment against its property. The closing paragraph of appellant's motion to strike is as follows: "That the inclusion of the right-of-way and pipe lines of Sinclair Refining Company as a part of said Farmers' Drainage District of Ray County, Missouri, and by assessing benefits against said right-of-way and pipe lines, all without notice to Sinclair Refining Company, and without first obtaining any jurisdiction over Sinclair Refining Company and without giving to Sinclair Refining Company an opportunity to be heard thereon is in violation of the constitutional rights of Sinclair Refining Company as provided for in the 14th Amendment to the Federal Constitution, and did not comply with the Statutes of Missouri under which said District was organized, and benefits and damages assessed."
The parties have stipulated that the issues on appeal are as follows:
"The Sinclair Company contends that the Drainage District acquired no jurisdiction over Sinclair Company or its property by these proceedings, since it was not specifically described in any of the publications of notice by the Circuit Clerk, nor was there contained in any of the publications a reference to the easements of record, against which the assessment is based, and therefore the Court was in error in refusing the motion to strike.
"The District contends that it is not necessary in the publications of notice relating to the formation of a Drainage District or assessment of benefits to describe an easement holder by name nor interest, but that under provisions of section 242.010 RSMo 1949, (which section defines `owners,') a publication against the fee holder by name and legal description, will include all easement and rights of way owners."
Appellant here insists that notice and an opportunity to be heard are jurisdictional in a tax proceeding; that appellant, as the owner of the rights of way and easements in question, was a freehold owner of land; that as such owner it was entitled to reasonable notice and a day in court before being taxed; that being the owner of record of the easements and rights of way in question, it was entitled to notice of the formation of the respondent Drainage District and to notice of the assessment of benefits; that it has had no such notice in this case; and that the tax assessment in question was without due process of law and void.
Respondent contends that "the proceedings and notifications required by Chapter 242 RSMo 1949 complies with the due process of law provided in both the State and Federal Constitutions"; that respondent complied with the provisions of Chapter 242 RSMo 1949, V.A.M.S., in the proceedings shown by this record; that the petition for the formation of the Drainage District, the notice with reference thereto and the judgment of incorporation "describes the land by section, township and range and by being within the exterior boundaries of the district and names the freehold owners"; and that the Commissioners' report specifically describes appellant's easements and names the appellant as owner. Respondent further says "the notice of the Commissioners' report does not name anybody but is to all persons interested in land and property within the exterior boundaries of the district."
The first question for determination is whether (in so far as appellant's property is concerned) the articles of association, notice and decree of incorporation complied with the provisions of Chapter 242 RSMo 1949, V.A.M.S., which deals with Drainage Districts organized in Circuit Courts.
Section 242.010 provides: "The word `owner' as used in sections 242.010 to 242.690 shall mean the owner of the freehold estate, as appears by the deed record, and it shall not include reversioners, remaindermen, trustees or mortgagees, who shall not be counted and need not be notified by publication, or served by process, but shall be represented by the present owners of the freehold estate in any proceeding under said sections." (Italics ours.)
*748 Section 242.020 with reference to the formation of such drainage districts provides for the making, signing and filing of articles of association and provides that in such articles of association there shall be stated: "The name of the district, and the number of years the same is to continue; the boundary lines of the proposed drainage district; the names of the owners of lands or other property in said district, together with a description of the lands and other property owned by each; when the name of the owner of any of said lands or other property is unknown, this fact shall be set out in said articles; * * *." (Italics ours.)
Section 242.030 with reference to notice of the filing of the articles of association provides that the "notice shall be substantially" as set out in said section; and that such notice shall be directed to "all persons interested in the following described real estate and other property". The form of notice there set forth provides for the description of the property "as set out in the articles of association."
As stated, it is admitted that the proposed district "included real estate over which the Sinclair Refining Company owned easements and private rights of way for the laying of pipe lines and the transmission of crude oil and refined products. These easements were of record in Ray County, Missouri, at the time the petition for incorporation was presented to the Court. The servient lands over which the easements and rights of way existed were all described by tract description, Section, Township and Range, with the name of the record owners, * * *." In view of the stipulated facts there can be no doubt that appellant was a "present" owner of an interest in certain specific "lands and other property" within the district when the application for incorporation was filed, the notice given and the decree of incorporation entered. Appellant was not named or referred to in the articles of association, nor in the notice and decree and its interest in the "lands and other property" was not specifically described.
Appellant was not a reversioner, remainderman, trustee or mortgagee. It was the owner (of record) of "easements and private rights of way" for the purposes mentioned. "A private right of way is an easement and is land." United States v. Welch, 217 U.S. 333, 339, 30 S.Ct. 527, 54 L.Ed. 787, 28 L.R.A.,N.S., 385; Panhandle Eastern Pipe Line Co. v. State Highway Commission, 294 U.S. 613, 55 S.Ct. 563, 565, 79 L.Ed. 1090. An "easement" is not the complete ownership of land with the right to use it for all lawful purposes perpetually and throughout its entire extent, but it is a right only to one or more particular uses, and ordinarily, a deed conveying an easement must describe the land to which the use granted attaches and also describe the particular use or uses permitted. Magnolia Petroleum Co. v. Thompson, 8 Cir., 106 F.2d 217, reversed on other grounds, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. "An easement implies an interest in land, which ordinarily is created by a grant, and is permanent." 17 Am.Jur. 926, Easements, Sec. 5; Zinser v. Lucks, 361 Mo. 671, 235 S.W.2d 844, 847. An easement is also referred to as "an incorporeal hereditament, an interest in the land of the servient tenement". 28 C.J.S., Easements, § 1(b), p. 620; 17 Am.Jur. 925, Easements, Sec. 3; Zinser v. Lucks, supra. In this state "real property", or "real estate" or "lands" are "deemed to be coextensive with lands, tenements, and hereditaments". Sec. 1.020(12). "And as embracing all chattels real." Sec. 442.010. And see Secs. 511.010, 513.010(2) and 556.080. For further definition of "lands, tenements, and hereditaments" see Orchard v. Wright-Dalton-Bell-Anchor Store Co., 225 Mo. 414, 439, 125 S.W. 486.
While 28 C.J.S.Easements, § 1(b), p. 620, says that an easement "may be a freehold or chattel interest according to its duration", respondent in effect concedes that the easements in question owned by appellant are of indefinite tenure and may last forever. Respondent says, "An easement between private individuals lasts forever when once it is acquired, but an easement *749 of a corporation lasts only as long as the property is used as an easement. As soon as the land is no longer used for an easement, it goes back to the fee simple owner."
When the matter of the establishment of an easement is presented on appeal, title to real estate is involved and this court has jurisdiction. Zinser v. Lucks, supra; Jacobs v. Brewster, 354 Mo. 729, 190 S.W. 2d 894, 895; Baker v. Squier, 143 Mo. 92, 99, 44 S.W. 792. Further, an easement acquired by deed cannot be lost by mere nonuser for a period short of that prescribed by the statute of limitations with reference to real estate. Dulce Realty Co. v. Staed Realty Co., 245 Mo. 417, 432, 151 S.W. 415; Hatton v. Kansas City C. & S. R. Co., 253 Mo. 660, 675, 162 S.W. 227. And see Gerber v. Appel, Mo.App., 164 S.W.2d 225, 228, quashed in part, State ex rel. Appel v. Hughes, 351 Mo. 488, 173 S.W.2d 45.
Appellant's interest, which was subjected to the benefit assessment in question, was a freehold interest. "Estates or interest in lands are of two kinds: Estates of freehold and estates of less than freehold. A freehold estate is defined as any estate of inheritance or for life in either a corporeal or incorporeal hereditament existing in or arising from real property of free tenure. 10 R.C.L. 647. Estates less than freehold are, as the term signifies, estates or interests in land less than a freehold, and are of three kinds: Estates for years, estates at will, and estates at sufferance." Fowler v. Marion & Pittsburg Coal Co., 315 Ill. 312, 146 N.E. 318, 319; Words & Phrases, Vol. 17, p. 666; 19 Am.Jur. 464, Estates, Sec. 4. And see "Estate of Freehold", Black's Law Dictionary, Third Edition; Thacker v. Flottmann, Mo.Sup., 244 S.W.2d 1020, 1022. An estate of freehold is also defined as "an estate of indeterminate duration other than an estate at will or by sufferance." 31 C.J. S., Estates, Sec. 7, p. 16. An estate of inheritance is defined as an estate that will descend to a man's heirs by simple operation of law. Casteel v. Potter, 176 Mo. 76, 75 S.W. 597, 598. There can be no doubt that appellant's easements and rights of way in question were within the statutory definition of "lands" and "real estate" and were subject to conveyance by deed in this state, Sec. 442.020. The easements were of indeterminate duration and could last forever. Further, as is between individuals, such interests would be inheritable as an interest in real estate. Sec. 468.010.
We find no case involving the issue as to whether or not such "easements and rights of way", as were owned by appellant, are within the meaning of the terms "the owner of the freehold estate", or "the present owners of the freehold estate", as such terms are used in Sec. 242.010, nor do we find any case holding that the owner of such "easements and rights of way", when shown by deeds of record, are sufficiently represented by the present record owner of the servient estate so that the assessment of benefits, as assessed in this case where notice was given the owner of the servient estate, would constitute due process as far as the owner of the "easements and rights of way" is concerned.
Respondent insists that appellant offered no proof whatever to show that it had a freehold interest. We think that that was immaterial in view of the conceded facts and the admissions of respondent. Respondent further argues that the appellant was "not an owner of a freehold interest"; that "the statute requires that only freeholders be notified"; and that the owner of the land in which the line lies buried "owns the whole fee, subject of course to the easement of the appellant." Respondent cites the case of Norborne Land Drainage Dist. Co. v. Cherry Valley Township, 325 Mo. 1197, 31 S.W.2d 201, 205, where assessments of benefits against public highways were involved. In that case it was held that, since the defendants (organized township) did not offer in evidence any of the records with referrence to the proceedings for the extension of the boundary lines of a drainage district, the court must "assume that all jurisdictional requirements of the act were complied with." With reference to the statute requiring notice to the owners of the freehold estate, the court said: "In the instant suits there was no evidence that defendant townships held any highway rights, titles, or easements." The court *750 referred to a stipulation which had been filed in the cause to the effect that the public highways were owned by Carroll county, the court then said: "It thus appears that wherever it can be said that the law required public highways to be described as such, assessed with benefits, and their ownership designated, in the proceedings to extend the boundaries of the district and assess damages and benefits against lands and other property included therein, these things were obviously done or must be presumed to have been done, and appellants' above objections even if lodged against these proceedings would also be unavailing." The case does not aid respondents as there was no evidence that all jurisdictional requirements were not complied with in the extension of the boundary lines of the district, or that the defendants in that case owned any easements or highway rights of way.
Respondent further relies upon a statement in said Norborne Land Drainage District case, which, in view of the admitted facts, was clearly obiter, as follows: "* * * in the articles of association, in the notice for the hearing of the petition, and in the decree, both in the proceedings of 1917 and those of 1899, the various tracts of land included in the district were described opposite the names of the owners thereof without excluding therefrom any of the land over which public highways ran, so that in fact all lands embraced within the district and proposed to be affected thereby, including land upon which then existing public highways were located, were described and ownership of the freehold estate of the respective tracts ascribed to named owners there so appearing by the deed records. This was a sufficient designation of ownership under above section 39." (Now Sec. 242.010.) 31 S.W.2d 201, 204.
Respondent also insists that "the forming of a drainage district is a legislative function" and cites the case of Honey Creek Drainage District v. Farm City Inv. Co., 326 Mo. 739, 32 S.W.2d 753, 756. In that case a landowner appealed from an order extending the boundary lines of the drainage district to include his lands. In a hearing in the circuit court he had challenged the sufficiency of the published notice of the proposed extension on the ground that it did not accurately describe the lands proposed to be annexed to the district. This court held the notice sufficient, since the applicable statute did not contemplate that the notice should contain "a precise and accurate description of the lands proposed to be annexed." Respondent, however, points to the court's statement as follows: "* * * the rules of law relating to substituted or constructive service in judicial proceedings are without application in a proceeding to establish a drainage district or extend its boundaries. A drainage district is a quasimunicipal corporation, a political subdivision of the state for governmental purposes; it may be established or its boundaries extended without notice to the inhabitants of the district proposed to be incorporated, and even against their will, so far as due process of law requirements are concerned. * * * The necessity for notice in such case rests on statutory and not constitutional requirements. The question for determination therefore is simply whether the notice published by the clerk in the instant proceeding was a substantial compliance with the statutory provision. * * * After a drainage district or other municipal corporation is organized, all of its acts affecting the personal and property rights of the individuals within its territorial jurisdiction are subject to judicial supervision. It is then, and not until then, that there can be a call for the enforcement of constitutional guarantees. If appellant's land will be in no way benefited by the plan of reclamation which may be adopted, that question will properly arise on the coming in of the report of the commissioners appointed to assess benefits and damages, and may then be determined." 32 S.W.2d 753, 757. And see, Garden of Eden Drainage District v. Bartlett Trust Co., 330 Mo. 554, 50 S.W.2d 627, 632(6), 84 A.L.R. 1078.
These cases do not aid respondent, unless it appears from the record that the statutory provisions in question have been complied with in the case before us.
*751 Respondent further relies on the case of Troeger v. Roberts, 284 Mo. 363, 223 S.W. 796, where the proceedings were under different statutes and where only the husband of a true owner was named in a notice, which was held sufficient. There is no suggestion in the agreed statement of facts in the present case that the notice given here under Section 242.030 was similar to the notice given in the Troeger case. Respondent also cites other cases where particular notices were held to comply with statutory provisions.
Appellant, as the owner of the easements and rights of way in question owned a totally different interest from the interest owned by the owners of the servient lands over which the easements and rights of way existed. Each owner to the extent of his interest of record owned a separate, distinct, and present interest in the fee and the interest of each owner was a freehold interest. The owners of the servient lands over which the easements and rights of way existed did not represent the owner of the easements and rights of way so that no notice was required to be given the easement owner by the provisions of Sections 242.010 and 242.030. Further, a detailed description of each tract of the servient lands by section, township and range, with the names of the respective owners of such servient lands, as shown by the land records of the county, was not a description of the "lands and other property" owned by appellant, to wit, the easements and rights of way in question. The appellant, as the owner of such "lands and other property", was not named nor was such property described in the articles of association, notice of application or decree of incorporation of respondent district, therefore no jurisdiction under the statute was obtained of either appellant or of its property upon the question of inclusion of such property in the respondent district. The statutory process was not complied with. Appellant was a non-petitioning owner of "land and other property" in the proposed district. Under the statutes in question appellant was entitled to notice and an opportunity for a hearing on the matter of the organization of said district and on the inclusion of its property therein, as well as to notice and an opportunity to be heard on the matter of benefits assessed against its property. Little River Drainage Dist. v. St. Louis, M. & S. E. R. Co., 236 Mo. 94, 107, 139 S.W. 330.
Respondent further insists that regardless of any compliance with Sections 242.010, 242.020 and 242.030, the Commissioners' report correctly and fully described appellant's easements and rights of way; that Section 242.270 with reference to notice of the Commissioners' report was fully complied with; and that appellant has no cause to complain of any lack of due process of law. We cannot agree, because the validity of the notice under Section 242.270 in turn depends upon whether Sections 242.010, 242.020 and 242.030 had been complied with and jurisdiction had been obtained of appellant and its said property in a proper statutory manner in the organization of the respondent district. In view of our holding that said sections were not complied with, it follows that the notice and an opportunity for a hearing afforded subsequently by compliance with the provisions of Section 242.270 was ineffectual to comply with due process of law.
The judgment is reversed and cause remanded with directions to the trial court to sustain appellant's motion and to strike the assessment of benefits in question against the easements and rights of way of the appellant.
All concur.