**JUDGE v. DURHAM et al.**

No. 21967.

Kansas City Court of Appeals.

Missouri.

March 1, 1954.

Raymond L. Falzone, W. B. Stone, Moberly, for respondents.

Don C. Carter, Sturgeon, W. M. Stringer, Moberly, for appellants.

CAVE, Presiding Judge.

Plaintiff's petition alleged that she was the owner of the fee-simple title to a certain lot in the City of Moberly, Missouri, which we shall refer to as "Lot A"; that defendants Durham are the owners of the fee-simple title to a lot which we shall call "Lot B", and which lies immediately west and adjacent to plaintiff's lot and faces on Elizabeth Street; that defendants Noell are the owners of the fee-simple title to a lot which we shall call "Lot C" and which lies immediately north and adjacent to the Durham lot and faces on Elizabeth Street; that there is now, and continuously since 1910 has been, a partnership driveway between the Durham and Noell lots, eight feet in width, extending four feet on each lot, and continuing eastward from Elizabeth Street to plaintiff's lot; that continuously since 1910 the plaintiff and prior owners of her said lot have had an *easement* over said driveway for the purpose of travelling to or from Elizabeth Street, and have during that time continuously used the same for that purpose; that during all that time, plaintiff and her predecessors in title and all persons living at or visiting or having business at the plaintiff's residence have used and have had the lawful right to use and travel over said driveway without interference or restraint; that beginning in August, 1950, the defendants have individually and collectively prevented and are still preventing the plaintiff and other persons from using said driveway; that the only route over which plaintiff and others coming to her home could travel by motor vehicle was over said driveway, it being impossible, because of the grade, to drive a motor vehicle onto plaintiff's property from South 6th Street, and that in the future the only available route will be over said driveway; and prayed that defendants be enjoined from interfering with plaintiff or other persons having a lawful right to use said driveway and also praying for compensatory and punitive damages.

The separate answers of the defendants admit the ownership of the lots described in the petition, and that continuously since 1910 there has been a partnership driveway between the Durham and Noell lots eight feet in width; but denied all other allegations of the petition.

At the beginning of the trial the court stated: "Let the record show that the only issue being tried today is whether or not the *plaintiff does have an easement over the driveway* in question. A separate trial has been ordered on the issue of damages, if it should be determined that she (plaintiff) does have such *easement*." (Italics ours.) The attorneys for the parties agreed to this statement, and the case proceeded to trial to determine whether plaintiff had an *easement*. All the evidence pertained to that issue.

At the conclusion of the evidence the court made certain findings of fact which were incorporated in and made a part of the judgment. The court made certain findings relative to the chain of title to the lots involved, and then found "that the parties owning the lots in question in the latter part of 1910 considered that each had a right to use said driveway from Elizabeth Street to 6th Street and joined together in placing a concrete surface thereon * * *"; that certain provisions in a deed from one Martin, who orig-

inally owned all the lots, to one Harlan, "was a sufficient basis upon which plaintiff and those under whom she claims could predicate their claim of right to an easement in connection with establishing the same by prescription * * *"; that for approximately 40 years before September, 1950, "the plaintiff and her predecessors in title used the driveway established by the recital in the deed from Martin to Harlan as a means of ingress and egress from Elizabeth Street to the rear of plaintiff's property both for pedestrian and vehicular use, and that such use was open, notorious, continuous, adverse and under a claim of right * * *; (that) there is nothing to indicate that such use was permissive in its inception or at any other time * * *; (that) as a result of such use plaintiff and her predecessors acquired an easement by prescription which had existed for about 30 years before plaintiff's use was interrupted by the defendants * * *;" that defendants Fern Noell and the Durhams be and are permanently restrained and enjoined from placing or maintaining any obstruction in the said driveway and that said defendants are further permanently restrained from doing any act which would constitute an interference with the use of said driveway by plaintiff or "any other person who may desire to use the same as a means of ingress and egress from Elizabeth Street to plaintiff's property for any lawful purpose either on foot or in vehicles;" that defendants may maintain a sign stating that said driveway is a "private driveway", but that such sign shall not contain the words "keep out", or any similar words, as such is an unlawful interference with the rights of persons to use said driveway in going to or coming from plaintiff's property.

Later the issue of damages was tried and the court awarded plaintiff the sum of $150, and entered judgment for that amount and made final the interlocutory decree establishing plaintiff's right to an easement and to injunctive relief. Defendants appealed to this court.

At the outset we must consider the question of our jurisdiction. If "the title to

real estate" is involved, in the constitutional sense, then exclusive appellate jurisdiction is in the Supreme Court. Art. V, § 3, V.A.M.S. Constitution, 1945.

On appeal, defendants (appellants) raise four points and all are directed at the question whether the court erred in decreeing that an easement existed on the property of defendants. It seems to be conceded that if an easement was acquired by grant or by prescription, then plaintiff would be entitled to injunctive relief as a matter of course. Does the judgment operate upon defendants' title "in some measure or degree" so that exclusive jurisdiction is in the Supreme Court?

A study of a multitude of cases leaves the impression that there is not a well-defined line distinguishing the jurisdiction of the appellate courts in suits of this kind. An effort to distinguish or harmonize the decisions would serve no useful purpose. The more recent cases announce the general rule that "when the matter of the establishment of an easement is presented on appeal, title to real estate is involved and this court (Supreme Court) has jurisdiction." Farmers Drainage Dist. of Ray County v. Sinclair Refining Co., Mo.Sup., 255 S.W.2d 745, 749; Zinser v. Lucks, 361 Mo. 671, 235 S.W.2d 844, 847; Dillen v. Edwards, Mo.Sup., 263 S.W.2d 433; Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894.

It seems apparent that the judgment establishes an easement on defendants' property by prescription and the correctness of that ruling is the only question presented on appeal. It is not a judgment *in personam* as is discussed in some of the cases, and we do not believe the issues decided bring it within that line of cases decided on the theory that injunctive relief is the only thing sought or obtained.

Under such circumstance it is our conclusion that this court does not have jurisdiction and the cause should be transferred to the Supreme Court. It is so ordered.

All concur.