Russell G. DETERT et al., Respondents,

v.

Fred J. LEFMAN et al., Appellants.

No. 51132.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

H. Townsend Hader, Lexington, D. W. Sherman, Jr., Lexington, of counsel, for respondents.

W. R. Schelp, Ike Skelton, Jr., Lexington, Skelton & Bradley, Lexington, of counsel, for appellants.

HIGGINS, Commissioner.

Respondents, as plaintiffs below, alleged title in defendants to a lot and title in themselves to an adjoining lot in Higginsville, Missouri. They alleged also that a driveway seven feet wide ran from the street between and partially on both of the lots, and that for more than thirty years plaintiffs, defendants, and their tenants and predecessors used the driveway for ingress and egress. Plaintiffs charged that defendants placed an obstruction in the driveway which deprived them of their use of the driveway to their great damage and, after further allegation of no adequate remedy at law, prayed for injunctive relief.

Defendants' answer set up failure to state a claim, res adjudicata, and license, and otherwise denied the paragraphs of plaintiffs' petition.

On trial, the judge stated in his requested memorandum opinion that the manner of use of the driveway had resulted in "reciprocal easements by prescription." The judgment and decree declared the driveway to be a common driveway and, after further finding plaintiffs to be entitled to the relief prayed for in their petition, enjoined

defendants and their successors from obstructing or interfering with use of the driveway by plaintiffs or their successors.

Appellants seek the jurisdiction of this court on the authority of Dalton v. Johnson, Mo.App., 319 S.W.2d 66. In that case the prayer was for an adjudication that plaintiffs had acquired an easement across defendant's farm, and there was no prayer for injunctive relief. The Springfield Court of Appeals, in transferring the cause to the Supreme Court, recognized that an easement is an "interest" in land, and held that the direct effect of the judgment appealed from was to deny plaintiffs an easement interest in defendant's land, and that title was thus directly involved.

Our case is different, however, and Judge v. Durham, Mo., 274 S.W.2d 247, is directly in point. That action was also for an injunction to prevent interference with an alleged driveway easement and, in granting the injunctive relief sought, the trial court found that "plaintiff and her predecessors acquired an easement by prescription." The appeal went first to the court of appeals which transferred the case to this court on the same theory that appellants urge here, i.e., that the judgment established an easement on defendants' property by prescription and that title to real estate was thus involved. Judge v. Durham, Mo.App., 265 S.W.2d 437, 439. We retransferred the case because title to real estate was not directly involved within the meaning of Article V, Section 3, 1945 Missouri Constitution, V.A.M.S., so as to give this court appellate jurisdiction. In reaching that conclusion, we said (274 S.W. 2d l. c. 250 [1]): "The mere fact that it may be necessary to determine the existence or the ownership of an alleged easement in order to rule the ultimate issue presented in the cause, and that such is done by the trial court, does not give this court appellate jurisdiction on the ground that title to real estate is involved, * * * where neither party seeks an adjudication of that issue and the trial court grants no relief with reference thereto."

Here, plaintiffs alleged the existence of a common driveway only as a foundation of their claim for injunction to prevent interference with their use of the driveway; they prayed only for injunctive relief and sought no relief in respect to adjudicating the easement or determining ownership of it. Under such circumstances the finding on the issue of whether respondents had an easement was collateral and incidental to the relief sought and granted; title to real estate was not involved, and this court does not have jurisdiction over this appeal.

The cause is transferred to the Kansas City Court of Appeals.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.