## BROWN *v.* COLORADO.

The State of Colorado brought ejectment in one of her courts, and offered in evidence the defendant's deed to the Territory of Colorado for the demanded premises. He objected to its introduction, upon the ground that at its date "the Territory had no right to take a conveyance of real estate without the consent of the government of the United States." The objection was overruled. *Held*, that the judgment rendered for the State is not subject to review here, it not appearing that any Federal question was either raised and passed upon or necessarily involved.

MOTION to dismiss a writ of error to the Supreme Court of the State of Colorado.

The case is stated in the opinion of the court.

*Mr. Charles H. Toll*, Attorney-General of Colorado, and *Mr. Henry M. Teller* in support of the motion.

*Mr. Charles Case* and *Mr. James H. Brown* in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error to reverse the judgment of the Supreme Court of Colorado, rendered in a suit in ejectment brought by the State against Brown, the plaintiff in error. It is not claimed that any question which can give us jurisdiction was directly raised by the pleadings, but on the trial in the District Court the State, to make out its title, offered in evidence a deed from him to the Territory of Colorado. To its introduction an objection was made, on the ground, among others, " that the Territory of Colorado had no right to take a conveyance of real estate at the time of making the deed without the consent of the government of the United States." This objection was overruled and an exception taken. When the case went to the Supreme Court, one of the assignments of error was to the effect that the court erred in receiving this deed in evidence. As the judgment was affirmed, this assignment of error must have been overruled. It is claimed that on account of this the judgment is reviewable here.

To give us jurisdiction under sect. 709 of the Revised Statutes, it must in some way appear from the return which is made to the writ of error that " the validity of a treaty or statute of, or an authority exercised under, the United States " has been drawn in question, and the decision is against their validity; or that " the validity of a statute of, or an authority exercised under, any State " has been drawn in question " on the ground of their being repugnant to the Constitution, treaties, or laws of the United States," and the decision is in favor of their validity; or that some " title, right, privilege, or immunity is claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is against the title, right, privilege, or immunity " so claimed.

It certainly does not appear that in this case the court below

decided against the validity of any treaty, statute, or authority of the United States, or in favor of any statute or authority of a State claimed to be repugnant to the Constitution, treaties, or laws of the United States. All the plaintiff in error insisted upon below was that the Territory of Colorado could not take a conveyance of real property without the consent of the government of the United States; but whether this disability grew out of a statute of the United States, or of the Territory, is not stated. We know judicially, and so did the court below, that Congress, sect. 6 of the act of Feb. 28, 1861, c. 59, providing a temporary government for the Territory, granted to it legislative power over all rightful subjects of legislation consistent with the Constitution and that act, and that neither the Constitution nor that act contained, in express terms, any such limitation as is now contended for. The record furnishes no indication that any statute of the United States was brought to the attention of the court below, and a ruling asked upon it in connection with the objection which was made to the admissibility of the deed. No judge, in deciding upon the objection, as it was made and presented, would be likely to suppose that if he admitted the evidence he would deny the defendant any "right, title, privilege, or immunity" "set up or claimed" under a statute of the United States. Certainly, if the judgments of the courts of the States are to be reviewed here for decisions upon such questions, it should be only when it appears unmistakably that the court either knew or ought to have known that such a question was involved in the decision to be made. The rule was stated by Mr. Justice Miller in *Bridge Proprietors.* v. *Hoboken Company*, 1 Wall. 116, 143, thus: "The court must be able to see clearly, from the whole record, that a certain provision of the Constitution or act of Congress was relied on by the party who brings the writ of error, and that the right thus claimed by him was denied." While Mr. Justice Story, in *Crowell* v. *Randell*, 10 Pet. 368, 398, said that it was not necessary that the question should appear on the record to have been raised and the decision made in direct and positive terms, *ipsissimis verbis,* but that it was sufficient if it appeared by clear and necessary intendment that the question must have been raised, and must have been decided in order to have

induced the judgment, he also said it was "not sufficient to show that a question might have arisen or been applicable to the case ; unless it is further shown, on the record, that it did arise, and was applied by the State court to the case." Under this rule it is clear the admission of the deed did not necessarily involve any such error as will give us jurisdiction.

Neither does the record show that a decision was rendered below in favor of the validity of any law of Colorado impairing the obligation of a contract. No such question was presented by the pleadings, and the rulings do not indicate that anything of the kind was brought to the attention of the court; but if the point made here in the argument had been made below, it would not have altered the condition of the case in regard to our jurisdiction. The claim is, that the Territory of Colorado contracted with Brown to erect a capitol and other public buildings on the premises conveyed; but, if that were so, the Constitution of the State and the statutes relied on did not impair the obligation of such a contract. The most that can be said of them is, that in this way the contract was violated by the State. The question is not, whether the constitutional provisions and the statutes in question are valid, but whether, by the adoption of the Constitution by the people, and the passage of the statutes by the legislature, any condition attached to the conveyance has been broken which authorized him to revoke his deed and take possession of the property he conveyed. The decision of this question by the State court is not reviewable here. All the obligations of the original contract remain, and the State has not attempted to impair them. If the contract is all that he claims it to be, and the Constitution and statutes are just what he says they are, the most that can be contended for is that the State has refused to do what the Territory agreed should be done. This may violate the contract, but it does not in any way impair its obligation. If we should declare the constitutional provisions and the statutes invalid as against the contract, it would not change the rights of the parties in this action. Whether valid or invalid, the plaintiff in error could not defend the action successfully, unless he was entitled to revoke his deed and re-enter upon his land, in case the Territory, or the State, delayed for an unrea-

sonable time to erect the buildings which were contemplated. If he could, the Constitution and the statutes would have no other effect than as evidence to show that the State had deliberately refused to perform.

It follows that the case presents no question which can be considered here, and the motion to dismiss is

*Granted.*