# DETROIT CITY RAILWAY COMPANY v. GUTHARD.

## IN ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

Submitted March 2, 1885.—Decided March 30, 1885.

The jurisdiction of this court for the review of a judgment of the highest court of a State depends on the decision by that court of one or more of the questions specified in § 709 Rev. Stat. in the way therein mentioned.

If it does not appear affirmatively that the Federal question raised here was raised below, and was decided, or that its decision was necessary to the judgment rendered, this court has no jurisdiction in error over the judgment of such State court.

This was a motion to dismiss, because the record did not show that any federal question was involved in the case in the State court.

*Mr. Henry M. Duffield* for the motion.

*Mr. George F. Edmunds*, *Mr. John C. Donnelly* and *Mr. F. A. Baker* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. This is a motion to dismiss a writ of error to the Supreme Court of Michigan on the ground that the record does not show that any federal question is involved. The case is this :

The Detroit City Railway Company was organized in May, 1863, under a general law of Michigan to provide for the construction of Train Railways, passed February 13, 1855, to operate a street railway in Detroit. Art. 15, sec. 1, of the Constitution of the State, which went into effect January 1, 1851, is as follows : ·

"Corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. All laws passed pursuant to this section may be amended, altered or repealed."

§§ 22 and 31 of the law under which the railway company was incorporated are as follows :

"SEC. 22. Each and every railway company formed under this act shall pay to the Treasurer of the State of Michigan an annual tax at the rate of one-half of one per cent. on the whole amount of capital paid in upon the capital stock of said company, which said tax shall be estimated upon the last preceding report of said company, and shall be paid to the said treasurer on the first Monday of July in each year, and shall be in lieu of all other taxes upon all the property of said company."

"SEC. 31. The Legislature may at any time alter, amend, or repeal this act ; but such alteration, amendment, or repeal shall not operate as an alteration or amendment of the corporate rights of companies formed under it, unless specially named in

the act so altering or amending this act, nor shall the dissolution of any such company take away or impair any remedy given for or against said corporation, its stockholders, or officers for any liability which shall have been previously incurred."

§ 22 of this act was repealed March 13, 1882. In the repealing act the Detroit City Railway Company was not specially named.

On the 14th of March, 1882, a general tax law was enacted. This law provided that all property within the jurisdiction of the State not expressly exempt should be subject to taxation, and that all corporate property, except when some other provision is made by law, should be assessed to the corporation as to a natural person in the name of the corporation.

Under the authority of this last law, the city of Detroit assessed a tax on the property of the railway company, and Guthard, the receiver of taxes for the city, on failure of the company to comply with his demand for payment, in regular course of his proceedings for the collection, levied upon sixty-one horses to sell at public action and make the money. The company thereupon brought an action of replevin for the recovery of the horses. Upon the trial of this action the only question in dispute was as to the validity of the tax. The Supreme Court of the State, on writ of error, decided that the tax was valid, and gave judgment accordingly. To reverse that judgment this writ of error was brought.

The rule which governs our jurisdiction in this class of cases is thus stated by Mr. Justice Miller for the court in *Bridge Proprietors* v. *Hoboken Co.*, 1 Wall. 116, 143 : "The court must be able to see clearly, from the whole record, that a certain provision of the Constitution or act of Congress was relied on by the party who brings the writ of error, and that the right thus claimed by him was denied." In *Crowell* v. *Randell*, 10 Pet. 368, 398, one of the propositions "established," after a careful review of the cases, was, "that it is not sufficient, to show that a question might have arisen, or been applicable to the case, unless it is further shown, on the record, that it did arise, and was applied by the State court in the case." And, at

the last term, in *Choteau* v. *Gibson*, 111 U. S. 200, it was said: "From the beginning it has been held that, to give us jurisdiction in this class of cases, it must appear affirmatively on the face of the record, not only that a federal question was raised and presented to the highest court of the State for decision, but that it was decided, or that its decision was necessary to the judgment or decree rendered in the case." *Murdoch* v. *Memphis*, 20 Wall. 590, 636.

The reason of this rule is obvious. Our jurisdiction for the review of a judgment of the highest court of a State depends on the decision by that court of one or more of the questions specified in § 709 Rev. Stat., and in the way there mentioned. If there has been no such decision in the suit, there can be no re-examination of the judgment here. It is what was actually decided that we are to consider, not what might have been decided; and, as our jurisdiction must appear affirmatively on the face of the record before we can proceed, the record must show either in express terms or by fair implication, not only the question, but its decision. It is not enough to find by searching after judgment, that the requisite question might have been raised and presented for decision. It must appear that it was actually raised and actually decided. *Brown* v. *Colorado*, 106 U. S. 95, 97.

It remains only to apply this well established rule to the facts as they appear in this record. The claim now is that, under the operation of §§ 22 and 31 of the incorporating act, the State entered into a contract with this corporation not to subject it to taxation otherwise than in the way provided in § 22, unless it did so by a statute in which the company should be specially named. The record certainly does not show that any such claim was made in the State courts, or that such a question was raised or presented for decision, or that it was decided. Nothing of the kind appears, either in the pleadings or the findings of fact on which alone the case was heard in the Supreme Court. The apparent question presented for decision was whether the State had changed the mode of taxation by what was done, not whether it was prohibited by the Constitution of the United States from doing so without specifying

that the repeal of § 22, and the provisions of the general tax law of 1882, were to operate on this particular company, and referring to it by name. No judge, in deciding the case as it came up on the record, would be likely to suppose that, if he gave judgment for the receiver of taxes, he would deny the company any " right, title, privilege or immunity " " specially set up or claimed" under the Constitution of the United States. It is true that such a right might have been set up and claimed, and if the court below had certified in proper form that it was, and that it was denied, we could have taken jurisdiction. The court has, however, not only not made such a certificate, but it has expressly refused to do so upon application specially made for that purpose. All this appears affirmatively in the motion papers.

We are referred to the opinion of the court below, which is found in the transcript, as showing a decision of the federal question involved. The Constitution of Michigan requires that the opinion of the Supreme Court shall be in writing, signed by the judges concurring therein, and filed by the clerk. From the opinion in this case it appears that the point determined, and on which the judgment rested, was that the term " corporate rights" as used in § 31, did not include incidental privileges and immunities, such as a special standard of taxation. No reference whatever is made to any question of charter contract.

On the whole we are satisfied we have no jurisdiction in the case, and

*The motion to dismiss is granted.*