# KANSAS ENDOWMENT ASSOCIATION *v.* KANSAS.

ERROR TO THE SUPREME COURT OF KANSAS.

Submitted January 6, 1887. — Decided January 24, 1887.

An averment in a motion for a new trial (contained in a record, brought up in error from a state court) that a statute of the state upon which the suit was based is "unconstitutional and void," may apply to the constitution of the state, and, taken by itself, raises no question for decision below, which this court can review in error.

THE case is stated in the opinion of the court.

*Mr. George W. De Camp* and *Mr. J. Jay Buck* for plaintiff in error.

*Mr. S. B. Bradford*, Attorney General of Kansas, *Mr. Edwin A. Austin*, and *Mr. Charles B. Smith*, for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun by the state of Kansas in the District Court of Lyon County against the Endowment and Benevolent Association of Kansas, for a forfeiture of its charter because it had neglected to comply with the requirements of chapter 131 of the laws of Kansas of the year 1885, approved March 7, 1885, "providing for the organization and control of mutual life insurance companies in this state." The case was submitted without pleadings on an agreed statement of facts, from which it appears that the corporation was organized under the general laws of Kansas, January 7, 1885, with the following objects:

"1st. To guard its members, to a great extent, against the ills of pecuniary want during life, and especially during the period of infirm old age, and at their death to make a provision for their families and friends, which latter is supposed to be the only physical anxiety of dying man.

" 2d. To create a fund to be paid to the members of the society, in accordance with rules and regulations thereof, whereby the members may the better be enabled to perpetuate and sustain their membership, which in so doing will secure to them and their dependents the continued support and protection of the association.

" 3d. To encourage and promote benevolence, industry, and charity among its members,".

The district court gave judgment against the corporation, but on what ground does not appear, except as it may be inferred from the following reasons assigned in support of a motion for a new trial:

" 1. That said chap. 131 is unconstitutional and void.

" 2. For error of law occurring at the trial and excepted to by the defendant.

" 3. That the facts of this case do not warrant either the conclusion of law made by the court or the judgment herein rendered."

When the case went to the Supreme Court of the state on a petition in error, the following was the assignment of errors:

" 1. The said court erred in rendering judgment for said plaintiff below.

" 2. The conclusions of law and the judgment are not authorized or warranted by the facts of the case.

" 3. Said court erred in overruling the motion of the defendant below for a new trial."

From this statement it is clear that we have no jurisdiction, as no Federal question appears affirmatively on the face of the record. It is true that in the motion for a new trial the question of the constitutionality of chapter 131 of the acts of 1885 was presented; but that is not enough, since it is nowhere shown that any provision of the Constitution of the United States was relied on. The suggestion in the motion applies as well to the constitution of the state as to that of the United States, and it has long been settled that we have no jurisdiction unless it distinctly appears that a question under the Constitution or a law of the United States not only might have been but actually was raised and decided. *Crowell* v. *Randell,* 10 Pet. 368,

398; *Brown* v. *Colorado,* 106 U. S. 95, 97; *Chouteau* v. *Gibson,* 111 U. S. 200; *Detroit Railway Company* v. *Guthard,* 114 U. S. 133. · Here there is nothing of the kind, and in the assignment of errors on the petition in error to the Supreme Court of the state no reference was made to any constitutional question whatever, except inferentially under that which relates to overruling the motion for a new trial. Certainly it does not appear unmistakably on the face of the record that the Supreme Court of the state either knew or ought to have known that the validity of the statute in question was challenged on account of its repagnancy to the Constitution or, laws of the United States. *Brown* v. *Colorado,* supra, p. 97. Indeed, we know of no provision of the Constitution which renders such a statute invalid as a whole, and there is nowhere in the record any claim that in the charter of the corporation there was a contract by the state the obligation of which had been impaired by the legislation. If there had been, the validity of the statute could not have been challenged except in its application to this charter, and that was not the objection made either in the motion for a new trial or anywhere else that we can discover.

*The writ of error is dismissed for want of jurisdiction.*