BLAIR v. NUECES RIVER VALLEY R. CO.

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1912.)

1. BILLS AND NOTES (§ 538*)—ACTION—MISLEADING INSTRUCTIONS.

Where, in an action on a note, the only issue was whether there was a total failure of consideration, a charge that the burden of proof was on plaintiff to establish the allegations of the petition by a preponderance of the evidence, but that the preponderance of the evidence shifted to defendant, was not objectionable as leading the jury to believe that the burden of proof was on plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 538.*]

2. BILLS AND NOTES (§ 538*)—ISSUES—INSTRUCTIONS.

Where, in an action on a note, the issue was whether the note was given in a settlement for services, or whether it was given on surrender to defendant of papers pertaining to the services, and there was evidence that the papers were not surrendered, a charge that, if the note was given for a valuable consideration and in settlement of plaintiff's claim for services, the verdict should be for plaintiff, but,

if there was a total failure of the consideration, the verdict should be for defendant, sufficiently submitted the issue of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 538.*]

3. APPEAL AND ERROR (§ 882*)—INVITED ERROR—RIGHT TO COMPLAIN.

A party who, by requested charges, participates in the submission of an issue to the jury, is estopped from subsequently claiming that the evidence does not support the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602; Dec. Dig. § 882.*]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by James Blair against the Nueces River Valley Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

R. L. Cox and G. C. Robinson, for appellant.

JAMES, C. J. This action is by appellant on a promissory note. Defendant pleaded total failure of consideration. In the trial court the verdict was for defendant.

[1] The first assignment of error is that the court erred in instructing the jury that the burden of proof was upon the plaintiff to establish the material allegations of the petition by a preponderance of the evidence. The clause of the charge complained of reads, in full, as follows: "The burden of proof is on the plaintiff to establish the material allegations of his petition by a preponderance of the evidence; but in this case the preponderance of the evidence has shifted to, and is on, the defendant." The only issue raised was as to the consideration of the note, and the jury could not have possibly understood that the burden of proof was placed upon plaintiff. Therefore we overrule the first and second assignments. There was a plea of total failure of consideration. Upon this the issue before the jury was whether or not there was a total failure of consideration, and this involved on the part of plaintiff the contrary claim that the note was given for services rendered defendants.

[2] Plaintiff by a supplemental petition answered defendant's plea by setting up that the note was given in a settlement of accounts between defendant on the one hand and H. W. Sanford and this plaintiff on the other, wherein a note was given to Sanford for part of the balance, and the note in question given to plaintiff for the other part. The testimony concerning the settlement showed it was with reference to services rendered by plaintiff and Sanford to defendant. The issue made by the pleadings was whether the note sued on was given in a settlement for services, or whether it was given solely in consideration of the surrender to defendant of all papers, maps, profiles, etc., pertaining to the services.

In the main charge the court submitted these issues as follows: "If you believe that said note was given for a valuable consideration and in settlement of plaintiff's claim for money due to plaintiff for services rendered to defendant railway company, you will find in favor of plaintiff James Blair, and so say by your verdict and name the amount."

"If you find there was a total failure of the consideration for which the note was given, then you will find in favor of the defendant, and so say by your verdict."

By the third assignment the first clause is complained of, in that it made plaintiff's recovery depend on a valuable consideration and in settlement of plaintiff's claim for services, when the court should have instructed the jury to find for plaintiff, unless they believed from the evidence that there was a total failure of consideration.

The charge quoted submitted the issues sufficiently to make it understood that the jury were to find for plaintiff unless they found for defendant. No jury composed of common intelligence could have understood it differently. Special charges Nos. 1 and 3, which were given at plaintiff's request, left no room for a doubt on this subject. This disposes also of the fourth assignment.

[3] The fifth complains of the following special charge given at defendant's request: "You are instructed that if you believe from the evidence that the Nueces River Valley Railroad Company executed and delivered its promissory note to James Blair for the sum of $536.70, and that the sole consideration for so doing was to procure immediate possession of the books, figures, lengths, distances, and profiles which were then in the possession of James Blair, plaintiff, and that if you further believe that said James Blair promised and agreed to make immediate delivery to said company of the above-mentioned data, and did not do so, but waited an unreasonable length of time before making any delivery of same, and at the time of said delivery failed to deliver any part of the data gleaned from said survey, you will find for the Nueces Valley Railroad Company." There is no proposition in the brief under this assignment, but from an argument appellant's point seems to be that, as the uncontradicted evidence showed that as there were considerations for the note other than the agreement to deliver the data mentioned, it was error to give said instruction. In other words, the point is that upon the undisputed evidence it was error to submit the case upon the theory of no consideration. When we look to the charges requested by the plaintiff and given, we find a recognition of the existence of the issue of no consideration. Appellant's requested charge No. 1 was as follows: "If you believe from the evidence that the con-

tract pleaded herein in bar of plaintiff's recovery was not entered into between plaintiff and defendant as alleged in defendant's original answer, you are instructed to find for plaintiff." The third requested charge was as follows: "If, however, you believe from the evidence that there was only a partial failure of the consideration for said note, and you are unable to determine to what definite amount the consideration for said note has failed, then, as the burden of proof is upon the defendant in such case to show the extent of the failure of consideration, in such event you will find for the plaintiff for the full amount of the note, principal, interest, and attorney's fees." These charges recognized that the issue of total failure of consideration for the note was raised by the evidence. It is evident that appellant participated in the submission to the jury of the issue of failure of consideration as founded on the evidence, and hence is estopped to afterwards claim 'that the evidence was not sufficient to support the issue. Poindexter v. Receivers, 101 Tex. 322, 107 S. W. 42.

This, in effect, disposes of the other assignments of error.

Judgment affirmed.