The motion for rehearing will be granted, the affirmance set aside, and the judgment reversed, and the cause remanded.

---

BARTLETT LUMBER CO. v. CHANEY.
(No. 555.)

(Court of Civil Appeals of Texas. Beaumont.
Feb. 26, 1920. Rehearing Denied
March 24, 1920.)

1. MASTER AND SERVANT ⬳264(1)—RIGHT TO RECOVER FOR INJURIES LIMITED TO ALLEGATIONS AS TO HOW ACCIDENT OCCURRED.

An injured servant's right to recover is limited to the material allegations contained in his pleadings as to how the accident occurred, and when a verdict on special issue negatives the alleged cause of action, judgment should be rendered for defendant.

2. APPEAL AND ERROR ⬳907(3)—COURT OF APPEALS HELD TO PRESUME EVIDENCE SUSTAINED FINDING.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, providing on error an issue not submitted and not requested shall be deemed as found so as to support judgment, if there was evidence to sustain it, in absence of a statement of facts, Court of Civil Appeals must presume evidence sustained trial court in finding all issues necessary to support judgment for plaintiff, if not in conflict with any issues submitted to the jury, and warranted by plaintiff's pleadings.

3. MASTER AND SERVANT ⬳107(2)—INJURIES TO SERVANT THROWN FROM DOLLYWAY HELD ACTIONABLE.

Where a lumber company's employé, pushing an empty truck over a narrow dollyway, was struck by a loaded truck propelled by another employé, and precipitated to the ground, the lumber company is liable.

Error from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit by Walter K. Chaney, by his next friend, W. J. Chaney, against the Bartlett Lumber Company. To review judgment for plaintiff, defendant brings error. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and S. W. Blount, of Nacogdoches, for plaintiff in error.

Arthur A. Seale and Harris & Harris, all of Nacogdoches, for defendant in error.

WALKER, J. This is a personal injury suit instituted by defendant in error as plaintiff against the plaintiff in error as defendant. The trial resulted in a verdict for plaintiff for $500. This case is before us without a statement of facts. As to how the accident happened, plaintiff alleged:

"Plaintiff says that in the performance of his duties and in obeying the instructions of the defendants, their manager and foreman, it became necessary for two or more persons to pass over said dollyway at the same time; that said dollyway was 10 feet in width; was old, dilapidated, and decayed; that the trucks provided and delivered to plaintiff and his fellow servants by defendants to be used in the performance of their duties, hereinbefore described, were each more than 4 feet and 6 inches in width; that on the 2d day of September, 1918, while plaintiff was engaged, together with other employés, in performing the duties described hereinbefore, under the direction and supervision of defendants, their manager and foreman, plaintiff had delivered a loaded truck of lumber to the yard, and was returning to the mill for the purpose of reloading his empty truck, and was passing over and upon the dollyway above described, he was met on said dollyway by another employé of the defendants, who was propelling a loaded truck. Plaintiff says that immediately, when he observed the loaded truck approaching him, propelled by said employé, he stopped and attempted to find a place of refuge, but was struck with the full force of the strength of the man propelling the truck and the momentum of the loaded vehicle, and thrown from the dollyway to the ground, a distance of more than 25 ·feet; that he was bruised and injured in numerous places upon the body by the blow struck by the loaded truck and by the fall, and his right leg was broken at or just above the ankle; that both bones of said leg were broken and forced through the flesh and skin and driven in the ground where he fell."

This quotation from plaintiff's petition is followed by allegations as to the condition of the dollyway, plaintiff alleging that it was too narrow; that it was rotten; that it had no bannisters; that the lumber trucks had no handholds—in all of which respects it is alleged that defendant was negligent. Then plaintiff makes the following additional allegation as to the circumstances of the accident:

"Plaintiff says that just before he was injured he had delivered a load of lumber and unloaded it upon the yard, and was returning with his empty truck for another load; that when he was approaching a point on said dollyway which was about 29 feet from the ground he was suddenly met by a co-workman, one Everitt Scott, colored, who was moving in an opposite direction to that traveled by plaintiff, and, under direction of defendants' manager and foreman, was propelling a truck heavily loaded with lumber; that the truck propelled by said Ever-

itt Scott struck with force the edge of the truck which plaintiff was handling, and threw plaintiff from the dollyway to the ground, a distance of more than 28 feet; that said Scott negligently struck plaintiff's truck; that plaintiff was injured in said fall in his head and back; that his right leg was broken in and just above the ankle joint; that both bones of his leg were broken in two, and that so great was the force of the fall received by plaintiff that one of the bones of his leg passed through the flesh, muscles, and skin, and forced its way several inches into the ground where the plaintiff lay; that his back and spine were injured and strained, and he was cut and bruised upon his head, arms, and body in numerous places."

The case was submitted to the jury on special issues, as follows:

"Special Issue No. 1: Was the plaintiff, Walter K. Chaney, thrown or caused to fall from the dollyway of the defendant by the impact of the loaded truck against the plaintiff's truck?"

To which the jury answered: "No."

"Special Issue No. 2: Did the defendant lumber company exercise ordinary care in providing the dollyway on which the plaintiff was placed or worked?"

To which the jury answered: "No."

The third and last issue submitted the measure of damages. The defendant filed a motion, asking that judgment be rendered for it on this verdict. This motion was refused, judgment was entered for plaintiff, to which action of the court defendant excepted.

Plaintiff's first assignment of error is that the court erred in overruling its motion that judgment be entered in its favor, and in entering judgment in favor of defendant in error.

[1] Plaintiff in error advances a sound legal proposition when it says that the plaintiff's right to recover is limited to the material allegations contained in his pleadings as to how the accident occurred, and when a verdict on special issues negatives the alleged cause of action, judgment should be rendered for the defendant. St. Louis S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Ebersole v. Sapp (Com. App.) 200 S. W. 156. But plaintiff's petition in this case is not subject to the construction placed on it by plaintiff in error. A careful examination of the same shows that plaintiff alleged two ways as to how the accident occurred: (1) to quote from plaintiff's petition, "Plaintiff says that immediately when he observed the loaded truck approaching him, propelled by said employé, he stopped and attempted to find a place of refuge, but was struck with the full force of the strength of the man propelling the truck and the momentum of the loaded vehicle, and thrown from the dollyway to the ground," that is that he, himself, was struck by the loaded truck; (2) "that the truck propelled by said Everitt Scott struck with force the edge of the truck which plaintiff was handling, and threw plaintiff from the dollyway to the ground," that is, that the loaded truck struck his truck.

[2, 3] The second of these issues was submitted to the jury, and found against the plaintiff. The first issue was not submitted to the jury.

Article 1985, Vernon's Sayles' Civil Statutes, provides:

" * * * Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such finding."

In the absence of a statement of facts, we must presume that the evidence sustained the court in finding all issues necessary to support the judgment, provided such issues are not in conflict with any issue submitted to the jury, and are warranted by the pleadings of the plaintiff. Had the first issue been submitted to the jury, an affirmative finding would have sustained this judgment.

As the action of the court in refusing to enter judgment for it on the verdict of the jury is the only assignment made by plaintiff in error, though presented under three assignments, and as we find no error therein, the judgment of the trial court is in all things affirmed.