## VERONICA TROEGER, Appellant, v. JOHN N. ROBERTS et al.

### Division Two, September 15, 1920.

1. **DRAINAGE DISTICT: Condemnation of Land: Notice.** A notice published by the county court on behalf of a drainage district organized therein, and directed to a number of land-owners "and to all other persons who may own the land hereinafter described or any part thereof or any interest therein and affected by said petition and proceedings, whether specifically named herein or not," is sufficient under the statute (Sec. 5587, R. S. 1909) to give notice to a land-owner who was not specifically named therein, and to

authorize the condemnation of her land for right-of-way of a drainage ditch, and is due process of law, although it names her husband as one of the owners whose land would be affected.

2. ———: ———: Assessment of Damages. The statutes (Secs. 5584 and 5585, R. S. 1909) do not require that the viewers and engineer shall assess the damages for lands damaged or condemned for right-of-way of drainage ditches in favor of a person named in their report; they merely provide for assessing damages in favor of each tract of forty acres or less. But when the assessment is made in favor of the land it necessarily follows that the assessment is made in favor of the owner of the land, although the owner's name is not mentioned in the report or county court order. Hence, if the assessment was made in the manner provided by those statutes, it was an assessment in favor of an owner whose lands were taken.

3. ———: ———: Reduction of Damages by County Court: Constitutional Question. The point that the statute (Sec. 5588, R. S. 1909) under which the county court reduced the damages for plaintiff's land taken for a drainage ditch from $3088.50 to $1088.50 is violative of Section 21 of Article 2 of the Constitution, if not raised in either the petition or reply, but is mentioned for the first time in the motion for a new trial, is not timely raised, and cannot be considered on appeal.

4. ———: ———: Damages: Reduction by County Court: Collateral Attack. Whether or not, in an injunction to restrain defendants from going upon plaintiff's land for the purpose of constructing a drainage ditch, the question whether there was an assessment of damages made in favor of plaintiff, and the question whether the statute in pursuance to which the county court reduced the damages allowed by the commissioners is constitutional, can be raised, is adverted to, but not decided for the reason that it is not discussed in the briefs, but it is said that the facts that said questions are considered is not to be taken as a holding that either of them can be raised in such collateral proceeding.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis*, Judge.

Affirmed.

*W. W. Davis, Thos. H. Hicklin* and *Scott J. Miller* for appellant.

(1) There was no notice to the plaintiff of the condemnation proceedings and they are void as to her.

There was no assessment of damages in favor of plaintiff. The $3000 allowed by the viewers and attempted to be reduced by the county court to $1000 was not made in her favor or to unknown owners, but to William Troeger, and he, and no other, could be entitled to demand it. Holmes v. Kansas City, 209 Mo. 513; Municipal Security Co. v. Kansas City, 195 Mo. App. 467.

(2). If Section 5588, page 274, Laws 1913, was intended to authorize the county court to amend the report of viewers by changing the amount of damages allowed, then the section is in conflict with the Constitution of Missouri, Section 21, Article 2, and is void and the act of the county court in amending the report by reducing the damages as assessed by the viewers and confirming the report as amended, and condeming the land of plaintiff on such amended report, was without authority and is void. Rochester Water Co. v. Wood, 41 How. Prac. 53; In re Middleton, 82 N. Y. 202.

*Paul D. Kitt* for respondents.

(1) Appellant was duly notified of the condemnation proceedings in which her land was taken for right of way for drainage ditch. Appellant was legally notified and made a party to said proceedings. Barnes v. Construction Co., 257 Mo. 193; State ex rel. v. Blair, 245 Mo. 696; sec. 5587, R. S. 1909; Bledsoe v. Stallard, 250 Mo. 154. (2) Appellant's land was condemned as required by the law in force at that time. Art. 4, Chap. 41, R. S. 1909; Laws 1913, pp. 267-281; Laws 1915, pp. 269-275; Secs. 5584, 5588, Laws 1913, pp. 273-4; Sec. 5596, Laws 1915, p. 270; Secs. 5587, 5592, 5594, R. S. 1909; Sec. 2, p. 281, Laws 1913. In re Drainage District v. Rowling, 269 Mo. 169-171. Appellant was duly notified of these proceedings and was legally in court at the time the report of the viewers was heard. Sec. 5587, R. S. 1909; Barnes v. Construction Co., 257 Mo. 193. (3) The statutes in question are not unconstitutional. None of

appellant's rights, given by Section 21, Article 2, Constitution of Missouri, 1875 were denied. Sec. 5584, Laws 1913, p. 274; Sec. 5586, Laws 1915, p. 270; Secs. 5587-5589, R. S. 1909; In re Essex Avenue, 121 Mo. 103; Turlow v. Ross, 144 Mo. 239; Shively v. Lankford, 174 Mo. 548-551; Grossman v. Patton, 186 Mo. 668. (4) The sole issue made by the pleadings, and involved on this appeal, is whether appellant was properly notified of, and a party to, the proceedings to take her land for a drainage ditch; the question of the amount due her as damages, whether she is entitled to $3,000 or $1,000 as her damages, is not properly here. That question was not within the issues made by the pleadings. Spindle v. Hyde, 247 Mo. 52; Newham v. Kenton, 79 Mo. 385.

WILLIAMS, P. J.—This suit, originating in the Circuit Court of Livingston County, seeks to enjoin defendants from going upon certain described land of plaintiff's for the purpose of constructing a drainage ditch.

A temporary injunction was first issued and after a final hearing the temporary injunction was made permanent until such time as defendants paid plaintiff the sum of $1088.50, that being the sum allowed as damages in the condemnation proceeding in favor of the land owned by plaintiff. Thereupon plaintiff duly appealed. There is no dispute as to the facts.

The pleadings may be sufficiently understood from the following summary:

The petition alleges: (1) that defendants Hill, Beat and McCarthy are the members of the County Court of Livingston County, Mo., and as such county court have laid out and are preparing to construct a certain drainage ditch across the land of plaintiff; (2) that defendant Broaddus is the civil engineer appointed by said county court to act with the viewers appointed by said court in locating etc., said drainage ditch, and that said engineer under direction of said court has

entered into a contract with defendant Roberts whereby said Roberts agrees to contract said drainage ditch across the land of plaintiff, describing it; (3) "That defendants have never acquired any right or license to construct said drainage ditch through and across the said land of plaintiff; that plaintiff has never been paid anything by defendants or any other person or persons for the privilege of constructing said drainage ditch through and across plaintiff's said land. That should said drainage ditch be constructed as so contracted for and contemplated, Grand River, which is a large stream of water, would be thereby caused to flow through said ditch, through and across plaintiff's said land and plaintiff's said land would be thereby cut in two, leaving plaintiff's residence and about twenty acres of her land on one side of said river and the remainder of plaintiff's land, about fifty-five acres on the other side thereof without any convenient or practical way of crossing said river for the purpose of farming and cultivating said land. That the said defendants are threatening to and are about to, and will unless restrained by this court, enter upon said land of plaintiff and construct said drainage ditch through and across the same without the consent of and to the irreparable damage and injury of plaintiff, in violation of Sections 20, 21 and 30 of Article 2 of the Constitution of the State of Missouri, and also in violation of Article 14 of the Amendment of the Constitution of the United States of America. That no proceedings have been taken by defendants as required by law, for the ascertainment and payment of damages to plaintiff in consequence of the construction and maintenance of said drainage ditch through and across plaintiff's said land. That plaintiff has no adequate remedy at law in the premises."

The prayer of the petition asks that defendants "be forever perpetually enjoined from in any manner proceeding with the digging of said ditch across the plaintiff's land."

The answer contains (1) general denial, (2) alleges that Drainage District No. 26, Livingston County, Mo., has been duly organized under Article 4 of Chapter 41, Revised Statutes 1909, and that a contract has been entered into with defendant Roberts for the construction of said drainage ditch. "That all legal steps have been taken and notices given and due process of law had in the organization of said district and in the condemnation of the right of way for the ditch and other improvements in said district, and over and across the lands claimed to be owned by this plaintiff and in her petition described; the right of way over said lands has been duly and legally condemned, had and obtained, and said district and the contractor has the right to go on and over said lands for the construction of the ditch and other improvements therein, and for the purpose of carrying out the object of the organization of said district. Defendants say that damages have been allowed for land taken and otherwise, which will accrue to said land described in plaintiff's petition by reason of the location, construction and maintenance of the ditch and other improvements in said district in the sum of one thousand eighty-eight dollars and fifty cents, which said sum is here now brought into court, and if plaintiff owns said land same is now tendered to her as the owner of said land. Plaintiff says that this suit was instituted immediately upon the execution of the contract with defendant Roberts for the construction of said ditch and other improvements in said district and before any attempt or offer had been made to enter said land or any part thereof, for any purpose, and before a tender of the amount of damages so allowed could be made. Defendants having fully answered, ask that the preliminary restraining order issued herein be set aside and annulled and plaintiff's petition dismissed, and for naught held, and for such further relief in the premises to which they may be entitled."

We find no reply in the record. Reference will be made to the facts as occasion requires in the course of the opinion.

I. It is first contended that plaintiff's land was never properly condemned for the reason that the county court never acquired jurisdiction over the person of plaintiff.

Notice.

The exact point relied upon by appellant is that her name was not mentioned in the notice which was published by the county court as provided by Section 5587, Revised Statutes 1909. No other objection is made to the notice other than that it does not contain the name of plaintiff.

It is true the notice contained the name of plaintiff's husband as the owner of the land, but it does not contain the name of plaintiff. Plaintiff's land together with other land affected was properly described and the amount of damages allowed each tract of land was stated in the said notice. The notice after setting forth the names of about twenty alleged landowners contains the following: "and to all other persons who may own such land hereinafter described or any part thereof or any interest therein and affected by said petition and proceedings, whether specifically named herein or not."

The above provision was sufficient under Section 5587, Revised Statutes 1909, to give plaintiff notice of the proceedings, although not specifically named therein, and by the notice thus given the county court acquired jurisdiction over the person of plaintiff. This exact point was ruled against appellant's contention in Barnes v. Construction Company, 257 Mo. 175, l. c. 193; and State ex rel. Coleman v. Blair, 245 Mo. 680, l. c. 685. In the Barnes case, supra, BROWN, J., speaking for Court in Banc, said:

"The notice issued to landowners on July 3, 1911, by the County Clerk of Platte County was directed to some of the plaintiffs in this action *and generally to all other persons owning lands to be affected by the pro-*

284 Mo.—24

*posed drainage ditch.* That notice complied with Section 5587, Revised Statutes 1909, and was sufficient to give the court jurisdiction over each and every person owning lands within the drainage district, and the appellants, who were then part owners of the D. W. Hutson lands, were accorded every opportunity required by law to appear in the county court and resist the judgment condemning the right of way for the proposed ditch.

"In the case of State ex rel. Coleman v. Blair, recently decided by this court (245 Mo. 680), it was held not necessary in the notice to landowners of the assessment of benefits and awarding of damages arising out of the construction of a proposed drainage ditch to designate every person appearing by the deed records to own lands within the district. The names to be inserted in the aforesaid notice are usually obtained by the viewers while inspecting and locating the right of way for the ditch, and such notice should, in addition to the names returned by the viewers, also designate generally all other persons whose lands will be affected by the proposed improvements. Such notice, when duly published, is due process of law."

For the reasons stated in the Barnes case we disallow appellant's contention.

II. It is further contended that there was no assessment of damages made in favor of plaintiff. Whether or not this point can properly be made in this a collateral attack upon the finding and order of the county court we do not determine. This phase of the matter is not discussed in the briefs of learned counsel. We make mention of the matter so that this case may not be considered as holding that such an attack can be made in this kind of a proceeding. We will leave that point where counsel have left it. What we say herein should not be construed as passing either way on the question.

But even though it be conceded *arguendo* that such an attack can properly be made in this proceeding, still we find nothing of merit in the point. The report of the

viewers as provided by Section 5584, Revised Statutes, 1909, makes a finding as to "the damages to each tract of forty acres or less." We find nothing in said section requiring that this damage be assessed in favor of any designated person. The section requires

Assessment
of Damages;
Collateral
Attack.

that an engineer shall "make and return a schedule of all lots and lands and of public and corporate roads or railroads that will be benefited, damaged or condemned by or for the improvement *and the damage or benefit to each tract of forty acres or less* and make separate estimates of the cost of location and construction, *and apportion the same to each tract* in proportion to the benefits or damages that may result to each." (Italics ours).

Section 5588, Revised Statutes 1909, undertakes to give the county court power to amend the said report of the viewers and engineer.

It will thus be seen that the statutes in question do not require that the viewers and engineer shall assess the damages in favor of a person to be named in the report. They merely provide for assessing damages in favor of each tract of forty acres or less, and when the assessment is made in favor of the land it necessarily follows that the assessment is in favor of the owner of said land, although the owner's name is not mentioned in said report or order. We are therefore of the opinion that in the case at bar the assessment of damages in favor of appellant's land describing it in forty-acre tracts, the court having acquired jurisdiction of the person and property of said appellant, was in fact in favor of appellant and that for this reason, if for no other, appellant's present contention must fail.

III. The county court, acting under Section 5588, Revised Statutes 1909, reduced the amount of damages assessed by the viewers and engineer in favor of appellant's land from $3088.50 to $1088.50. Ap-

Damages;
Reduced by
County Court.

pellants now contend that Section 5588, supra, which undertakes to give the county court power to reduce the amount of dam-

ages, is void because in conflict with Section 21 of Article 2 of our State Constitution.

Again calling attention to the fact that what is said in this behalf should not be construed as a holding one way or the other on the point as to whether such attack could, if raised in time, be made in this sort of a proceeding, we dispose of the contention by calling attention to the fact that the point, even if one properly to be made in this proceeding, was not timely made.

A constitutional question should be raised at the first opportunity. In this case appellant had an opportunity to raise the question in her petition and also in her reply. She mentions it in neither, but mentions it for the first time in the motion for a new trial.

This was too late under many former rulings of this court (Speer v. Railroad, 264 Mo. 265;. Sheets v. Insurance Co., 226 Mo. 613, 1. c. 618 and cases therein cited), and the point is for that reason disallowed.

No other attack is made upon the judgment below. The judgment is therefore affirmed.

All concur.