GULF REFINING CO. v. BONIN. (No. 832.)

(Court of Civil Appeals of Texas. Beaumont. June 16, 1922. Rehearing Denied June 28, 1922.)

1. Appeal and error ⬅➡170(2) — Defendant held to have waived state and federal constitutional rights by not raising questions prior to appeal.

In an action for wrongful death, where defendant-appellant did not plead its constitutional rights, and there is nothing in the record to show that such rights were asserted in any way in the trial court, and the issue was not raised by motion for instructed verdict, nor by motion for a new trial, and the motion for judgment notwithstanding the verdict did not specifically present the issue, held, that defendant waived his constitutional rights, under state and federal Constitutions.

2. Appeal and error ⬅➡883—Appellant held estopped to claim constitutional rights not raised in court below.

Where defendant-appellant in an action for wrongful death participated in the trial, relying only on its general denial, excepted to the charge as given, without calling the constitutional question to the court's attention, and submitted a special charge on measure of damages, and neither the plaintiff nor the trial court had the benefit of the view of the law asserted on appeal, defendant both waived and became estopped to assert such rights.

3. Appeal and error ⬅➡672—Held that objection to constitutionality of statute cannot be reviewed under the assignment of fundamental error.

The burden rests upon the person asserting the constitutional right to show that the statute has invaded such right, and the issue of fundamental error does not arise unless the record excludes all facts which, if they exist, would give rise to and sustain a cause of action, and where Acts 33d Leg. (1913) c. 143, § 2, was not absolutely void, because conceivably

corporations could exist that would form a classification within the terms of such section, without being deprived of the equal protection of the law, and where the appellant has made no statement from the record affirmatively showing that it was not such a corporation, the constitutionality of such act cannot be reviewed under the assignment of fundamental error.

4. **Appeal and error** ⬀672—**In an action for damages for wrongful death, a claim of fundamental error held to preclude effect of waiver of constitutional right.**

In an action for damages for wrongful death, *held*, that a claim of error of law apparent of record cannot preclude effect of waiver of constitutional rights, where, if Acts 33d Leg. (1913) c. 143, § 1, subd. 2 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), were nullified, then subdivision 2 as it existed prior to such time would be the law, and, indulging every presumption in favor of the plaintiff's petition, it would be held to sustain the cause of action.

5. **Appeal and error** ⬀672—**Fundamental error held not apparent.**

If Acts 33d Leg. (1913) c. 143, § 1 (Vernon's Ann. Civ. St. 1914, art. 4694), were nullified as defendant-appellant seeks, then subdivision 2, as theretofore existing, would be the law, and there would be a right of action for wrongful death caused by the negligence of a vice principal, where the facts are entirely consistent with the driver of the auto truck, which killed a boy riding the bicycle, being a vice principal of defendant-appellant, so that fundamental error did not appear.

6. **Appeal and error** ⬀758(1)—**It is not the duty of the Court of Appeals on assignment of fundamental error to read the entire statement of facts.**

Under an assignment of fundamental error, it is not the duty of the Court of Civil Appeals to read the entire statement of facts in order to determine whether the judgment has support in the evidence, but appellant must make in his brief an affirmative showing from the record to that effect.

7. **Judgment** ⬀199(3) — **Court held without authority to enter judgment notwithstanding the verdict.**

Where a petition showed a good cause of action, and, as defendant participated in the trial, filed no motion for instructed verdict, did not except to the petition on the ground that it stated no cause of action, filed no exception to the charge on the ground that no issue of fact was raised against defendant, but permitted the case to go to the jury without objection, the trial court could not render judgment notwithstanding the verdict.

8. **Appeal and error** ⬀179(4)—**Constitutional question not seasonably presented in trial court cannot be reviewed.**

A federal constitutional question not seasonably presented in the trial court is not before the Court of Civil Appeals.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by J. N. Bonin against the Gulf Refining Company. Judgment for plaintiff, and the defendant appeals. Affirmed.

D. Edward Greer, John E. Green, Jr., Baker, Botts, Parker & Garwood, and Y. D. Mathes, all of Houston, for appellant.

Presley K. Ewing, L. H. Kenner, and J. P. Rogers, all of Houston, for appellee.

WALKER, J. Appellant makes the following statement from the pleadings of the parties:

"Plaintiff alleged that the defendant, Gulf Refining Company, was a corporation duly incorporated; that on or about the 20th day of November, A. D. 1920, the deceased, Porter Bonin, was riding a bicycle south through a tunnel forming a part of North Main street, a public highway within the business district of the city of Houston; that it was customary for vehicles to travel in only one direction in said tunnel, and not to pass or attempt to pass another vehicle therein, as such could not be done with reasonable safety; that while the deceased was riding through said tunnel, defendant's truck entered the tunnel, overtook and collided with the deceased, and so injured him that he shortly thereafter died. Plaintiff further alleged that said automobile truck was 'owned by and being used in the business of the defendant, and in the charge, management, and control of its agent and employee in that behalf, to wit, one Habermacher, who was the driver and chauffeur of said automobile truck, and then and there acting within the scope of his employment of the defendant. * * *'

"Plaintiff alleged that the death of said child was caused by the negligence of the defendant, by and through its agent and employee aforesaid, in the conduct, management, and propulsion of said automobile truck' in the following particulars:

"(a) Failing to drive the truck in a careful and prudent manner.

"(b) Driving at a faster rate of speed than was proper.

"(c) Undertaking to pass the deceased on the bicycle at such a rate of speed as to endanger the life and limb of said child.

"(d) In passing or attempting to pass said bicycle.

"(e) In operating said automobile truck in unnecessary proximity to the child.

"Plaintiff further pleaded that the driver discovered the child's peril, or in the exercise of due care, could have discovered it, and further alleged 'that the defendant was guilty of negligence attributable to it in each and all of the particulars aforesaid.'

"There were no allegations, no proof, and no finding by the jury that there was any negligence in the case except the negligence of the driver, Habermacher. The plaintiff's petition also contained the formal requisites, such as the relationship of the deceased to the plaintiff, his contributions, etc., and plaintiff's damage was laid at $40,000.

"The defendant answered by a general demurrer, special exception, and general denial, and pleaded contributory negligence on the part of

the deceased. The defense of contributory negligence was abandoned and that issue was not submitted to the jury."

To the foregoing statement we add the following specific averments from appellee's petition:

"That while such child, Porter Bonin, was riding through said tunnel as aforesaid, being on the space between the west rail of said railroad tracks and the west wall of said tunnel, going slowly, probably four to five miles an hour, a large oil motortruck, going southward, with a filled oil tank of about 500 gallons capacity, and weighing about 500 pounds or more, entered such tunnel from the north side thereof, running at an excessively high rate of speed for travel through such tunnel, to wit, at more than 10 miles per hour, and proceeded to pass such child on his bicycle in said tunnel and to do so without slowing down or lessening such speed at all, and in so attempting to pass such child said automobile truck came in contact with him, struck him, ran over and against him, and so wounded, crushed, mangled, and injured him that he then and there, or within a few minutes thereafter, in consequence died."

"That said automobile truck was then and there owned by, and being used in, the business of the defendant, and in the charge, management, and control of its agent and employee in that regard, to wit, one Habermacher, who was the driver and chauffeur of said automobile truck, and then and there acting within the scope of its business intrusted to him."

"That the injuries to and death of said minor child, Porter Bonin, were proximately caused by the negligence of the defendant, by and through its agent and employee aforesaid, in the conduct, management, and propulsion of said automobile truck. * * *"

On a trial to a jury on special issues, answered so as to sustain the allegations of the petition, judgment was entered for appellee. Appellant did not ask for an instructed verdict, but asked for a special charge on appellee's measure of damages, and specially excepted to the charge as given on that issue. The verdict of the jury was received and filed on the 7th day of May, 1921, and on the 24th day of May following appellant filed the following motion:

"Now comes the defendant, Gulf Refining Company, and moves the court to set aside the judgment heretofore entered in favor of the plaintiff, and enter judgment in favor of the defendant herein, notwithstanding the verdict of the jury, for the reason that plaintiff has no legal right to recover damages for death caused by defendant's agent or servant"

—which motion was denied. Due exception was taken to the court's action on this motion, and to the judgment entered in appellee's favor, but no request for new trial was filed, nor were assignments of error filed in the trial court.

On the theory of fundamental error, appellant presents in its brief the following assignments and propositions:

Assignments of error:

"(1) The court erred in entering judgment in favor of the plaintiff and against the defendant, since the jury's verdict was on special issues relating only to the negligence of defendant's chauffeur, and the amount of the damages, and there was no pleading nor evidence of any negligence of the defendant corporation or any of its vice principals."

"(2) The trial court erred in failing and refusing to enter judgment in favor of the defendant and against the plaintiff, since the plaintiff pleaded, and the jury found that the negligence which caused the death of Porter Bonin was the negligence of the defendant's chauffeur, a mere servant."

Propositions:

"(1) The act passed by the Thirty-Third Legislature which appears as article 4694 in Vernon's Sayles' Ann. Civil Statutes of 1914, having been held unconstitutional and void so far as it undertook to impose liability on a natural person for damages resulting from death caused by the negligence of his agent, is wholly void, because the Legislature did not intend the act to be effective at all if not in its entirety." See Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804.

"(2) The 1913 act being void, the act of 1892 (page 369 of volume 10, Gammell's Laws of Texas) was in effect at the time of the accident which resulted in Porter Bonin's death. Under that statute there is no liability imposed on a corporation for damages resulting from death caused by the negligence of its agents or servants."

"(3) If it is said that the Legislature did intend to impose liability on a corporation for damages on account of death caused by the negligence of a servant or agent without imposing a similar liability on natural persons, then such act was violative of section 19 of article 1 of the Texas Constitution and the Fourteenth Amendment to the Constitution of the United States."

### Opinion.

[1, 2] On the facts reflected by the statement above made, we believe appellant has waived its constitutional rights under the Constitution of the state of Texas, as well as under the federal Constitution, and is now estopped to assert such rights on this appeal. This conclusion is based on the following facts: (a) Appellant did not plead its constitutional rights. (b) There is nothing in the record to show that such rights were asserted in any way in the trial court. The issue was not raised by motion for instructed verdict nor by motion for a new trial. The motion for judgment non obstante veredicto did not specifically present the issue. (c) Appellant participated in the trial of the case, relying only on its general denial, excepted to the charge as given, without calling the constitutional question to the court's attention, and submitted a special charge instructing the jury on the proper measure of

damages from appellant's view of the law. Thus the case was prosecuted to judgment, and the only issue raised by appellant was against the facts raised by appellee's petition. Neither appellee nor the trial court had the benefit of the view of the law asserted by appellant on this appeal. We believe these facts establish both waiver and estoppel against appellant. Authorities:

In 3 C. J. 718–721, it is said:

"One of the most important results of the rule that questions which are not raised in the court below cannot be raised in the appellate court is that a party cannot, when a cause is brought up for appellate review, assume an attitude inconsistent with that taken by him at the trial, and that the parties are restricted to the theory on which the cause was prosecuted or defended in the court below. Thus, where both parties act upon a particular theory of the cause of action, they will not be permitted to depart therefrom when the case is brought up for appellate review. And the same is true where the parties act upon a particular theory of defense or of opposition thereto."

In 12 C. J. 773, it is said, with copious citation of authority:

"A person may waive his constitutional rights by taking part without objection in judicial proceedings otherwise unconstitutional as against him. In civil proceedings the acts of the parties to the litigation which by fair inference acknowledge the validity of a statute are binding and will preclude such parties from attacking such statute as unconstitutional. * * * This rule of estoppel applies not only to the plaintiff in a cause, but also to a defendant who has claimed a right under the statute, or who, by appearing as a party to the suit and submitting to the decrees of the court, without objecting to the validity of the statute involved, has induced the other party to alter his position to his advantage. * * * Thus it has been held that the constitutionality of a statute may not be questioned on a motion for a new trial or after appeal."

See Blair v. Nueces River Valley Railway Co. (Tex. Civ. App.) 143 S. W. 713, 715; Texas Electric Railway v. Barton (Tex. Civ. App.) 213 S. W. 689; Troeger v. Roberts, 284 Mo. 363, 223 S. W. 796; Hartzler v. Metropolitan Railway Co., 218 Mo. 562, 117 S. W. 1124; Kohler v. United Irr. Co. (Tex. Civ. App.) 222 S. W. 337; McManus v. Park (Mo. Sup.) 229 S. W. 211, 215.

[3] If a constitutional right can be waived—and appellant so concedes—we do not understand on the facts of this case how such right can be asserted under the rule of fundamental error. If the act of 1913 is not unconstitutional and does not deprive appellant of equal protection of the law, clearly it is sufficient to afford a basis for appellee's cause of action. Then, if the constitutional question has been waived, and appellant is estopped to assert it, we have nothing before us, and the judgment of the trial court must be affirmed.

What we have just said has no foundation where a statute is absolutely void—void as to all persons and for all purposes. In such a case it is as if the statute had never been enacted, and, when it appears that a cause of action rests on such a statute, the petition is subject to general demurrer on the ground that the facts alleged do not give rise to a cause of action. No pleading could state a cause of action based on such a statute. No proof could sustain a cause of action. But an entirely different question is presented:

"If the statute is only relatively void, that is, void only as to such person as it may unconstitutionally deprive of a right, privilege, or immunity, such as equal protection of the law, then, in consonance with the elementary rule that a party may waive any right intended for his benefit, this right, privilege, or immunity may be waived, and, when waived, it is as though it never existed, and no error at all will appear, fundamental or otherwise." (Appellee's proposition.)

Under this proposition, the burden must rest upon the person asserting the constitutional right to show that the statute has invaded such right, and the issue of fundamental error does not arise unless the record excludes all facts which, if they exist, would give rise to and sustain a cause of action. In this case section 2 of the act of 1913 was not absolutely void, because conceivably corporations could exist that would form a classification within the terms of that section, without being deprived of the equal protection of the law. And appellant has made no statement from the record affirmatively showing that it is not such a corporation. So on the facts of this case, we conclude that the constitutionality of the act of 1913 cannot be reviewed under an assignment of fundamental error.

[4] Again:

"There is another reason why the claim of error of law apparent of record cannot preclude effect to the waiver, for that, if subdivision 2 of the statute were nullified, then the subdivision 2 as it aforetime existed would be the law, and under it, indulging every reasonable presumption in favor of the petition against the general demurrer, the absence of a cause of action cannot be affirmed." (Appellee's independent proposition.)

The act of 1913 reads:

"An action for actual damages on account of injuries causing the death of any person may be brought in the following cases:

"1st. * * * [When the death is caused by the operator of a railroad.]

"2nd. When the death of any person is caused by the wrongful act, neglect, unskillfulness or default of another person or corporation, their agents or servants."

If this act is unconstitutional and does not sustain appellee's cause of action, then

he must rest on the act of 1892, which reads as follows:

"When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another." Gammell's Laws of Texas, vol. 10, pp. 369, 370.

[5, 6] Under the superseded act, appellee had a cause of action only if Habermacher was a vice principal. Hugo, Schmeltzer & Co. v. Paiz, 104 Tex. 563, 141 S. W. 518. The mere showing that he was driving a truck when the child was killed does not establish, as a matter of law, that he was not a vice principal, because the performance of such duty was entirely consistent with his duties as a vice principal. Speaking of the relation of the vice principal to his employer, in Sweeney v. Railway Co., 84 Tex. 433, 19 S. W. 555, 31 Am. St. Rep. 71, it was held, quoting the syllabus:

"No distinction should be drawn between his acts in the performance of the higher duties intrusted to him specially and those of an ordinary character which both he and the subordinate employees may be in the habit of indiscriminately performing."

If every reasonably intendment is indulged in favor of appellee's petition, we believe that the issue of vice principal was duly pleaded. He alleged "that the injuries to and death of said minor child, Porter Bonin, were proximately caused by the negligence of the defendant, by and through its agent and employee aforesaid," and, referring to the specific acts of negligence pleaded by appellee, "that the defendant was guilty of negligence attributable to it in each and all of the particulars aforesaid." Some effect must be given to these allegations. Appellee was trying to state a cause of action. He alleged that the death of Porter Bonin was caused by the negligence of appellant. He alleged that the acts of Habermacher were attributable to appellant. That could be true only if Habermacher was a vice principal. No special exceptions were urged against these allegations. Standing unchallenged, we believe they were sufficient to admit evidence of the fact that Habermacher was a vice principal. If we have correctly construed appellee's petition, a good cause of action was pleaded. Under an assignment of fundamental error, it is not our duty to read the entire statement of facts in order to determine whether the judgment has support in the evidence. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. Appellant must make in his brief an affirmative showing from the record to that effect. Southwestern Settlement & Development Co. v. Village Mills Co. (Tex. Civ. App.) 230 S. W. 869. No statement at all was made by appellant from the statement of facts. Though the issue as to whether Habermacher was a vice principal was not submitted to the jury, the charge was not excepted to on that ground, and appellant submitted no such issue to the court. As presented to us, we must presume that such issue was raised, and in support of the judgment resolve the issue in appellee's favor. Bartlett Lbr. Co. v. Chaney (Tex. Civ. App.) 219 S. W. 837. It follows, then, if we have correctly analyzed appellee's petition, and if we have correctly stated the rule as to our duty in reviewing the facts, fundamental error does not appear on the fact of this record.

[7] As the petition showed a good cause of action, and as appellant participated in the trial of the case, filed no motion for instructed verdict, did not except to the petition on the ground that it stated no cause of action, filed no exception to the charge on the ground that no issue of fact was raised against it, but permitted the case to go to the jury without objection, the trial court was without authority to enter judgment non obstante veredicto. He could do nothing more than set aside the verdict and grant a new trial, which relief was not asked. R. C. S. art. 1990; Heimer v. Yates (Tex. Com. App.) 210 S. W. 680; Henne v. Moultrie, 97 Tex. 216, 77 S. W. 607; Railway Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Walker v. Ames (Tex. Civ. App.) 229 S. W. 365; Duke v. Walter (Tex. Civ. App.) 227 S. W. 714.

[8] The constitutional question was not seasonably presented in the trial court. Hence no federal question is before us. Brown v. Massachusetts, 144 U. S. 573, 12 Sup. Ct. 757, 36 L. Ed. 546; Baldwin v. Kansas, 129 U. S. 52, 9 Sup. Ct. 193, 32 L. Ed. 640; Association v. Kansas, 120 U. S. 103, 7 Sup. Ct. 499, 30 L. Ed. 593.

The judgment of the trial court is affirmed on the ground that appellant waived his constitutional rights, and for that reason we decline to discuss the constitutional questions raised by appellant's assignments and propositions thereunder.

Affirmed.